## BENJAMIN PIERCE *vs.* WILLIAM READ *et al.*

In this state debt does not lie upon a bail bond.

THIS was a writ of error, brought to reverse a judgment of the court of common pleas in this county. The original action was debt upon a bond, brought by *Pierce*, in which the defendants craved oyer of the bond, which was as follows : " Know all men, &c. that we *W. R.*, *D. S.*, *N. K.* and *J. K. S.*, " all of Amherst, &c. are held, &c. to *B. Pierce*, Esq., sher- " iff of said county of Hillsborough, in the sum of $20, &c. " Given under our hands and seals this 22d day of February, " 1810." They also craved oyer of the condition, which was as follows : " The condition of this obligation is such, " that if *F. B.*, now in Amherst jail, on a writ in favor of " *Charles Tuttle*, which writ is returnable before *S. C.*, Esq. " on Monday 26th March next, &c., shall abide the order " and judgment of court on said process, without making any " avoidance on the same, then the above obligation to be " void." Which being read and heard, the defendants plead- ed in bar, 1st. that judgment was rendered in the suit men- tioned in the condition of the said bond on the 26th March, 1810, and that this suit was not commenced within one year from the time of the rendition of said judgment. 2d. " that " final judgment was rendered against the principal, March " 26, 1810, but that the execution, which issued on said " judgment, was not returned to said justice within one year " from the time of issuing the same."

To these pleas there was a general demurrer and joinder in demurrer, and the court below rendered judgment in favor of the defendants.

RICHARDSON, C. J., delivered the opinion of the court.

If an action of debt upon a bail bond can be maintained in this state, we entertain no doubt that both pleas in this case ought to have been adjudged insufficient. With regard to the second plea, we are not aware that there is any pre- tence whatever that it was an answer to the action. And the only ground on which the first plea has been attempted to be supported, is, that debt upon a bail bond is within the meaning of the clause in the statute of February 15, 1791,

Pierce
*vs.*
Read et al.

(1) 1 N. H.
Laws 117.

sec. 2,(1) which declares, "that no scire facias shall be serv-"ed upon the bail, unless it be done within one year next "after entering up final judgment against the principal." But it is in our opinion a sufficient answer to this ground, that debt upon a bond is not a scire facias against bail. The real question in the case is, does debt lie on a bail bond in this state ?

In England, when a defendant is arrested upon a capias, and held to special bail, he must give bail to the sheriff by bond, conditioned that he shall appear at court and answer the plaintiff in the suit. If the defendant fail to appear, the condition of the bond is broken; the sheriff is answerable for the non-appearance of the defendant, and may maintain an action on the bond for his indemnity, or he may assign the bond to the plaintiff, who may bring an action upon it in his own name. This is what is there called bail below. If the defendant appear and put in bail to the action, it is done by recognizance, the condition of which is in substance, that the principal shall pay the debt, surrender his body to be taken in execution, or that the bail shall pay the debt. If the condition of the recognizance be broken, the plaintiff may have an action of debt or a scire facias against the bail. This is what they there call bail above, or bail to the action.

In this state bail is given to the sheriff by bond, conditioned in effect, that the defendant shall satisfy the plaintiff's judgment, surrender his body to be taken in execution, or that the bail shall pay the debt. This bond the sheriff returns with the writ, or delivers it to the plaintiff; and if the condition be broken, our statute gives the plaintiff a scire facias against the bail. The sheriff is responsible for the sufficiency of the bail, but beyond this he has no interest in the performance of the condition. When the condition is broken, the plaintiff's only remedy is a scire facias against the bail, and he has in no case any remedy against the sheriff, except for the insufficiency of the bail. Thus it seems, that although bail is here taken in the manner in which bail below is taken in England, yet it is in effect not bail to the sheriff, but bail to the action. The sheriff has

no interest in the bond whatever. On what ground then is the sheriff to maintain an action in this state on a bail bond? The only plausible ground which has occurred to us is, that the bond is taken in the name of the sheriff for the use of the plaintiff in whose suit it is taken, and that the plaintiff is entitled to a remedy against the bail by an action in the name of the sheriff. In answer to this it may be remarked, that the plaintiff has no need of this remedy, the statute having given him an adequate remedy in his own name. This is not in itself a sufficient reason why a suit should not be maintained in the name of the sheriff against the bail ; but it is a circumstance that ought to give additional weight to the objections which exist against permitting such an action to be maintained.

When a scire facias is brought against bail, they may at any time before final judgment is rendered against them, be discharged either by committing the principal to gaol, or surrendering him in court, and paying the costs of the scire facias. Whether they might thus be discharged when debt upon the bail bond was brought against them, it is unnecessary now to determine. But admitting that they might, the clause in the statute which declares that " no scire facias " shall be served upon the bail, unless it be done within one " year next after entering up final judgment against the " principal," is of very considerable importance both to the bail and the principal, if the bail are liable only upon a scire facias ; but is of no importance, if debt can be maintained upon a bail bond. If the remedy against bail be confined to a scire facias, they are finally discharged, unless it be served upon them within the year after judgment against the principal. But if debt lies upon the bail bond, the bail will remain liable many years, and upon the death of the principal, will become inevitably chargeable, and they have no way to rid themselves of this liability but by committing the principal to gaol, and giving notice to the plaintiff in the manner prescribed by the statute. It is very obvious, that it must not only be inconvenient, but very hazardous to the bail, to remain liable many years, and that they would in

46

many instances be induced, for the purpose of discharging themselves, to commit the principal to prison, when his commitment could be of no use to the plaintiff, and would be exceedingly inconvenient to the principal. We have no doubt that these considerations induced the legislature to limit the bringing of a scire facias to one year after judgment rendered against the principal. This objection to an action of debt upon a bail bond seems to us to be one which is not very easily answered ; and we have felt the force of it much increased, since after an attentive examination of all our statutes on the subject of bail, we have found no allusion to such an action, while very many of the provisions of those statutes refer in express terms to a scire facias.

In this state the real contract into which bail enter is prescribed by statute. No lawyer would think of looking into the condition of a bail bond in order to ascertain the nature of the contract. Indeed, a bail bond is rarely actually taken by the sheriff in this state. The bail, instead of executing a bond, put their names on the back of the writ, and thereby give their assent to the taking upon themselves the liabilities of bail. This method is sanctioned by long and uninterrupted usage ; and as the real contract is settled by statute, no inconvenience has resulted from it. It is very clear, that when bail is thus taken, there is no remedy against the bail but by scire facias. What is very decisive to shew that although bail may be taken by a bond to the sheriff, yet the real contract is in fact with the plaintiff, is that the statute gives to the plaintiff a scire facias to enforce it. And we have no doubt that when the legislature declared that no scire facias should be served upon bail, unless it were done within one year after judgment against the principal ; the intention was, that if it were not so served, the bail should be forever discharged. But if debt can be maintained upon the bond, this intention will be wholly defeated.

(1) 1 N. H.
Laws 63.

Our statute of February 9, 1791, sec. 16,(1) provides, " that when any action shall be brought on any bond or other " specialty, with a penalty for the payment of any sums of " money, &c. the court shall enter up judgment for the

" whole of such forfeiture, and award execution only for so " much of the debt or damage as is justly due or sustained " at that time ; and the plaintiff, &c. at any time afterwards " may have from the court, where such judgment was ren- " dered, a writ of scire facias against the defendant, &c., " to shew cause why execution should not be awarded upon " said judgment for other and further damages," &c.

At the December term of this court, 1814, in this county, in the case of *Mary Shepard vs. Edmund Parker et a.*, administrators of the estate of *James Roby*, it was decided, that debt did not lie upon a judgment rendered for the penalty of a bond in pursuance of this clause in the statute. The grounds of this decision were, that such a judgment was a mere creature of the statute, rendered not for the purpose of being enforced by execution, or by an action of debt, but to stand as a security for any damages resulting from any future breach of the condition of the bond, and to be liquidated upon a scire facias brought for the purpose. There is a strong resemblance between such a judgment and a bail bond, in this state. Such bond is not taken for the purpose of its being evidence of the contract into which bail enter, but as mere evidence of the fact that the obligors became bail. When that fact is once proved, all the liabilities of bail result from the positive enactment of our statutes. Whatever may be the form of the condition of a bail bond, no other liabilities are or can be imposed upon the bail than what result from the statutes. Thus, it is usual to insert in bail bonds, as a part of the condition, that the defendant shall appear and answer to the action ; yet it is very clear, that the bail are not liable, although the defendant do not appear and answer the action.

Such being the nature of a bail bond, we are clearly of opinion, that it cannot be the foundation of an action of debt, and that the judgment of the court below must be affirmed.

*Judgment affirmed.*