ALBERT WHEELER *vs.* THOMAS BARRY.

ESSEX,
*March,*
1834.

Where an officer, holding a writ of attachment against a person attending court as a
suitor, arrests him, but recognizes his privilege from arrest and discharges him with-
out making further service, this amounts to no legal service of the writ.

This was a plea in abatement, to which there was demurrer; and there was also a motion to dismiss, for the same cause. Judgment in the county court, that the writ abate and the court take no further jurisdiction of the cause. Exceptions by the plaintiff. The officer's return was as follows:

" Essex County, ss.—*Canaan, October* 11, 1833.—Then by virtue of this writ, I arrested the body of the within named Barry, and he being a defendant in two actions made returnable and pending before John W. Bicknell, justice of the peace, and for trial this day, and believing said Barry is protected from arrest coming to attend to said actions and returning to Con-way, N. H. his place of residence, therefore I hereby discharge the said Barry from said arrest."

*William Mattocks for the plaintiff.*—1. A permanent privilege may be pleaded in abatement, such as foreign ministers, members of congress, at known periods, and insolvent debtors, whose bodies have been discharged.—1 Dall. 303—1 Pick. 797.

2. A party or witness cannot avail himself of his privilege in abatement. It is temporary, the privilege of the court rather than the party—and allowed in the court's discretion, on mo-tion.—4 T. Rep. 377—5 do. 209—3 Mass. Rep. 288.

3. The court discharge on motion or *habeas corpus,* but the cause proceeds, if the creditor chooses. Here the officer did no more, and therefore the cause should proceed. If a mar-ried woman is arrested, she is discharged on common bail, but the cause proceeds.—2 Hen. Bla. 17—5 T. R. 194—6 do. 451—1 B. & P. 8—New. Rep. 54.

*Steele for the defendant.*—1. The return of the officer shows that no service was made. The defendant was left to believe no return would be made of the writ, and his ascertain-ing otherwise is an entire casualty.

2. When the officer so arrested and discharged a man, the service was holden irregular and void.—10 John. Rep. 93.

The opinion of the court was delivered by

COLLAMER, J.—Much has been said to show that the privi-lege of suitors and witnesses attending court is merely the priv-

Essex,
March,
1834.

Wheeler
vs.
Barry.

ilege of the *court*, and to be enforced by the same court. If this be so holden, it is difficult to perceive how it could be asserted by a justice of the peace, to release his suitors and witnesses from arrests on the precepts of other courts, as he cannot sustain a *habeas corpus*. Neither is it apparent how this doctrine can be reconciled with the principle, acknowledged in argument, that the officer *may* recognize this privilege and refuse to arrest. Courts have jurisdiction by having the subject matter and the parties within their jurisdiction, and the jurisdiction to give judgment against a defendant cannot exist in a court in this state, unless either the body or attachable property of the defendant be within the state. If the defendant was only in this state in a condition to be privileged from arrest, it is quite doubtful, unless he waives that privilege, whether any jurisdiction could be taken over him. These are grave questions, especially in relation to our justice courts and their suitors, and the intercourse and comity of the states.

It appears in this case the officer regarded the defendant as privileged and discharged him from arrest. He in effect undid whatever he had done, and the whole return, so far from amounting to a service, is but an excuse for not serving the writ. It cannot amount to a summons, as there was no copy delivered.

Judgment affirmed.