## STEWART *v.* HILL.

H commenced a suit against S, in the county court, by filing a declaration and making and filing an affidavit, under the first subdivision of sec. 39, R. S. 384, on which a warrant was issued against S, who was arrested and brought into court, when he applied for and obtained an adjournment of the cause, without pleading, on giving bail. On the adjourned day he appeared and moved to set aside the proceedings, for the reasons: 1, That the affidavit was not annexed to and returned with the writ. 2, That the note and mortgage on which the suit was brought, were not filed at the time of filing the declaration. 3d, That a copy of the affidavit was not served on him—which motion was overruled. He then offered to introduce testimony to controvert the facts stated in the affidavit, which

the court refused to receive. *Held*, 1, That it was too late after his appearance to the action by giving bail, to object to the regularity of the proceedings or the sufficiency of the affidavit. 2, That on their merits the questions were rightly disposed of by the county court.

ERROR to Wayne Circuit Court.

*Gray*, for plaintiff, in error.

*Bishop*, for defendant, in error.

*By the Court*, MUNDY, J. This suit was commenced in the county court of Wayne county, on the 25th day of June, 1847, by Hill against Stewart, by filing a declaration and a copy of the note upon which the suit was founded. At the time of filing the declaration, the plaintiff's attorney made and filed, under the first subdivision of sec. 39 of the R. S., p. 384, an affidavit. On the 26th of June the defendant was brought before the court upon a warrant, issued under the provisions of the aforesaid section; and upon his application, and upon his giving the bail bond required by the statute, the cause was adjourned until the 30th of June. Upon the appearance of the parties on that day, the defendant asked and obtained a continuance on account of the absence of his attorney, until the 5th day of July, 1847; on which day the defendant again by his attorney, and without pleading, obtained a continuance until the next day. On the 6th of July the parties having appeared, the defendant's attorney moved to quash and set aside the proceedings for the following reasons: 1, That the affidavit was not annexed to and returned with the writ: 2, That the note and mortgage upon which the suit was brought, were not filed, and did not appear to have been presented to the court at the time of filing the declaration: and 3, That the copy of the affidavit was not served on the defendant at the time of serving the warrant; which motion was overruled. The defendant's counsel then offered to introduce testimony to controvert the facts contained in the affidavit, which was also overruled. The defendant then put in his plea. No objection was made to the sufficiency of the affidavit.

We think it was too late, after the defendant's appearance to the action, which appearance was perfected by his giving the bail bond required by the statute, to object either to the regularity or the sufficiency of the affidavit.

Stewart *v.* Hill.

It is well established, that if the defendant appear to the writ, although it be absolutely void and he be ignorant of the fact, at the time of the appearance, he will be regarded as regularly in court, and the court will not set the writ aside.  5 Cowen 15; 7 id. 366; 17 John. R. 63.  We know of no practice in support of the defendant's offer to controvert the facts set forth in the affidavit.

There is no analogy between this proceeding and that under chapter 141, entitled, " Of the punishment of fraudulent debtors."

There the object of the proceeding is to ascertain whether or not the defendant be guilty of the fraud charged in the affidavit, for the purpose of punishment if he be guilty; and to that end, an issue is made up and tried in the particular manner in that chapter provided. It is assigned for error also, that the circuit court erred in affirming the judgment of the county court—the affidavit on which the warrant issued, not showing fraud in the note declared upon; and the same being insufficient, and not setting forth the facts and circumstances showing the alleged fraud.

As the appearance of a defendant, by putting in bail upon a capias ad respondendum, is a waiver of any insufficiency in the affidavit upon which such writ was sued out; so, as we have before intimated, the appearance of the defendant in this case, effected by his entering into the bail bond required by the statute, and his asking and obtaining three adjournments without making any objection to the regularity of the proceedings, was a waiver of any defect in the affidavit, if any such defect exists.  The office of this affidavit was simply to authorize the issuing of a warrant.  The court had jurisdiction of the subject matter; and the appearance of the defendant to the suit gave to it jurisdiction of his person.  It was then too late to raise any question upon the sufficiency of the affidavit in the county court: whether these objections were made in the circuit court or not, does not appear from the record. We are satisfied that they could not rightfully have been made there— they are clearly not the subject matter of consideration here.

We might thus dispose of this case without any expression of opinion upon the merits of the questions raised in the county court; but, as they were questions of practice—I speak of the questions referred to in the commencement of this opinion—depending upon the construc-

tion of the statute, we think proper to say that they were rightly disposed of upon their merits in that court.

The judgment of the circuit court must be affirmed, with costs,

*Judgment affirmed.*