## KIDDER *v.* FARRAR.

The writ required by chapter 185, section 8, of the Revised Statutes, to be indorsed with the affidavit of the creditor or some person in his behalf, to justify an arrest of a debtor on mesne process or execution, is the writ by virtue of which such arrest is made ; and an affidavit upon a writ of mesne process is not sufficient to authorize an arrest on the execution issued in the action.

MOTION to the Court of Common Pleas for this county, to set aside an execution. At the September term of said court, A. D. 1849, Frederick Vose, Esq., attorney for Jesseniah K. Kidder, of Salisbury, in our county of Merri-· mack, came on the first day of said term and moved the court to set aside a writ of execution, running against the body of the defendant therein, which issued from the office of the clerk of said court on the 7th day of April, A. D. 1849, upon a judgment in favor of Lockhart B. Farrar against said Kidder, rendered at March term, 1849, of said court, founded on a contract made after the first day of March, 1841; and that the said Kidder, who was arrested on said execution on the 10th day of September, A. D. 1849, might be discharged from said arrest.

Upon the hearing of the foregoing motion, at said September term, it was admitted that the facts set forth as the foundation of said motion were true ; and it was further admitted by the counsel for the parties, that there was on the back of the original writ of mesne process in said action an affidavit, such as is required by the 8th section of chapter 185 of the Revised Statutes ; and also that there was no affidavit upon the back of said writ of execution. Upon considering the questions arising upon the foregoing motion and facts above stated, it was ordered that the same be reserved and assigned to the justices of this court for decision.

*Vose,* for the petitioner.

*Lane,* for the creditor and petitionee.

Kidder v. Farrar.

WOODS, J. By chapter 185, section 8, of the Revised Statutes, it is provided that no person shall be arrested upon any writ or execution, founded on a contract made after the first day of March, one thousand eight hundred and forty-one, unless the plaintiff or some person in his behalf shall make an affidavit, before a justice, on ·the back of such writ, that in his belief the defendant is justly indebted to him in a certain sum, exceeding thirteen dollars and thirty-three cents, and that he conceals his property, &c.

The present case raises a question upon the construction of this statute, as to what is signified by the words, "such writ," upon the back of which the affidavit is required to be engrossed, as a condition precedent to the right and power of the creditor to cause the arrest of his debtor. The principal source of doubt appears to be the prior use of the word "writ" in the same sentence, inducing the apprehension of its being the sole antecedent referred to by the word "such;" for an execution is as truly and by denomination a writ, as is a writ of mesne process, which is in common speech distinctively called a writ. But we think that the grammatical reading of the passage does not necessarily convey the meaning attached to it by the defendant to this motion. The word writ, as last used, signifies a class of writs of which the writ of mesne process and the execution are varieties, and that by the words, "such writ," are comprehended, as antecedents, both the writ and execution mentioned in the first clause of the section.

This view of the subject derives strong confirmation, if we consider the reason and the object of the statute. It was intended to prevent causeless and fruitless arrests of debtors, and to authorize creditors to procure such arrests in cases where there might be cause to suspect on the part of the debtor a concealment of property, or an intention to escape the process of law. It is plain that the cause of such suspicion might arise long after the service

of the writ of mesne process, and its entry in court. It would then be wholly frivolous to require the indorsement to be made upon that writ, and to require the officer to search the files of the court for his warrant to proceed. On the other hand, the true purpose of the statute would fail, if the omission to make the affidavit of suspicion at a time when no suspicion existed, should deprive the creditor of the benefit plainly intended by the statute ; the power, namely, restraining his debtor when meditating flight, or when concealing his goods.

Circumstances that might afford just cause to the creditor for suspecting his debtor of either the act or the intention named in the statute, might exist at the time of the service of mesne process, and have wholly passed away at the issuing of the execution. It would be a hardship from which the statute was intended to protect the debtor, if he could be arrested on execution, while no suspicion or ground of suspicion existed, merely because at a day, long before, his creditor had seen cause to hold such suspicion.

On the whole, we have no doubt that the writ required to be indorsed by the affidavit in order to justify the arrest, is the writ by virtue of which the arrest is made, and that such indorsement upon a different writ is not sufficient to satisfy the statute. In the case before us, no such affidavit was entered upon the back of the execution. The debtor was illegally arrested thereon, and the motion to the court below to set aside the execution ought, for that cause, to prevail. Certificate is, therefore, ordered to the Court of Common Pleas accordingly.