## JANES *v.* MILLER.

Upon every process, whether writ or execution, by which a party is arrested for debt, there must upon the proper construction of ch. 185, § 8, Rev. Stat. be an affidavit, in order to justify the arrest.

Although there may have been an affidavit on the writ, there still must be an affidavit on the execution.

MOTION to set aside an execution.   Miller was arrested on a writ founded on a contract which was made after March 1, 1841. On the back of the writ was the affidavit required by the Revised Statutes, that the defendant was about to leave the State, &c. Miller was arrested upon this writ, procured bail, and left the State before judgment was rendered, and has not since returned. Judgment was obtained at September term, 1849, for a sum exceeding $13.33, and in December following, an execution was issued thereon against the body of Miller; but there was no affidavit upon the back of it.   The officer in whose hands the execution was placed, gave due notice to the bail, and at the next term of this Court returned the same with his doings thereon.   A writ of *scire facias* was thereupon sued out against the bail, and is now pending in this Court.

If, upon the foregoing statement, the Court shall be of opinion that the execution was irregularly or improperly issued or used, it is to be set aside ; otherwise judgment is to be rendered for Janes for his costs.

The case was submitted by *Wheeler & Faulkner*, for the defendant, and by *Bennett*, for the plaintiff, upon the arguments already made in the preceding case of *Naramore* v. *Miller*.

GILCHRIST, C. J.   It is enacted by section 8, ch. 185, Rev. Stat., that no person shall be arrested upon any writ or execution unless the plaintiff or some person in his behalf shall make an affidavit before a justice, on the back of such writ, &c.   Under this statute it was decided in the case of *Kidder* v. *Farrar*, Cheshire, December term, 1849, that, upon every process on which a party is arrested, whether writ or execution, there must

---

---

be an affidavit, to justify the arrest. Where a party is arrested on an execution, it is not enough that there has been an affidavit on the writ in the suit in which the execution issued. A long time may have elapsed between the commencement of the suit and the recovery of judgment. Circumstances may have changed, and that which the plaintiff might conscientiously have sworn to, when his action was brought, may no longer be true in his belief. The obvious purpose of the statute was, although its meaning is not very lucidly expressed, that no arrest for debt should be made, unless in a case where the oath of the plaintiff renders it probable that a necessity exists for an arrest, in order that the purposes of justice may not be defeated.

In the present case there was no affidavit upon the execution, which brings it directly within the decision in *Kidder* v. *Farrar.* The execution therefore was improperly used, as according to the decision just made in *Naramore* v. *Miller*, if the bail desire to surrender the principal there should be an officer who has competent authority to arrest him upon the execution, which he could not do unless he had an execution authorizing the arrest by having upon it such an affidavit as the law requires.

According to the provision made by the case, the judgment of the Court therefore is, that the