## CHADBOURN *v.* THE LANCASTER BANK.

Where the defendant is discharged from arrest on mesne process, on his application under the statute, and nothing more is done with the writ, there is no legal service; and the defendant is not entitled to costs on complaint for the plaintiff's neglect to enter the action.

COMPLAINT, for costs. It appeared that the bank on the 31st of August, 1850, sued out a writ against Chadbourn. An affidavit was made upon the writ, charging Chadbourn with concealing his property, &c., and he was thereupon arrested. Upon his application he was taken before two justices, as provided by the statute, and upon examination, was discharged. The sheriff made return of the arrest and discharge, and no further proceedings were had upon the writ, and no further service or return made. Chadbourn contended that the service was sufficient to require the bank to enter their action, and that not having done so, they are liable for costs upon complaint.

*Benton*, for the complainant.

*J. W. & G. C. Williams*, for the respondents.

PERLEY, J. The plaintiffs in their suit against this complainant undertook to make service of their writ as a capias, by arrest of the defendant's body. That service, if it had succeeded, would have given the plaintiffs security on the defendant's person, and compelled him to make a disclosure of the condition of his property. But the defendant defeated the service which the plaintiffs had attempted, by an application for his discharge under the statute. When service of mesne process by arrest is complete and effectual, the sheriff is bound to produce the body of the defendant, or return bail, which in our practice is always special.

If the writ in this case was, as we may presume, in the form given by the statute, and contained also an alternative command to serve it as a summons and attachment, the plaintiffs, after the discharge, might, we suppose, have summoned the defendant and

attached his property. If so, it must be on the ground that the service by arrest was defeated and avoided by the discharge; for, if the service of the writ as a capias remained in force, the plaintiffs could not on the same writ attach the defendant's property. And the consequence of holding this to be a good service, notwithstanding the discharge, would be that the plaintiffs, though they were frustrated in their attempt to get the service which they directed, would yet be prevented by the defendant's act from making any other service of their writ until the suit was determined. We cannot think that the legislature contemplated such consequences when they provided for a defendant's discharge from arrest on an application, such as was made in this case.

The authorities shew that in analogous cases, when a defendant is discharged from arrest in mesne process, the service is defeated, and the defendant is not bound to answer, unless a new and different service is made.

Thus, in England, and in some of the United States, where the defendant is taken on special bail and discharged, common bail must be given; otherwise, there is no effectual service, and the giving of common bail is a new and entirely different service; common bail being no other than "those obliging gentlemen," John Doe and Richard Roe. The real service in such case consists in leaving with the defendant a copy of the bill, and the return of bail is a mere fiction, designed to give the court jurisdiction. 3 Blackstone's Com. 287; Tidd's Practical Forms 73; *Lawrence* v. *Van Wagener,* Caines' Rep. 499; *Mott* v. *Jerome,* 7 Cowen 518. In some cases, after the defendant has been discharged from arrest, the plaintiff may elect to proceed with the suit and file common bail, or waive the service commenced and drop the suit. If he do not file common bail, the suit is at an end. *Bours* v. *Tuckerman,* 7 Johns. Rep. 558. In others, the suit is absolutely defeated by the discharge, and the plaintiff has no power to proceed with another kind of service. *Sanford* v. *Chase,* 3 Cowen 381. In Vermont, where mesne process is understood to be substantially like our own, it has

Chadbourn *v.* The Lancaster Bank.

been decided that if an officer arrests on mesne process a person who is attending court as a witness, and discharges him on learning his privilege, without other service, there is no legal service of the writ. *Wheeler* v. *Barry*, 6 Vermont Rep. 579.

We are of opinion that the service commenced in this case was defeated by the discharge; and that as the plaintiffs did not elect to make further service of the writ, the defendant was not bound to appear to the action, and is not entitled to the costs which he asks by this complaint.

*Complaint dismissed.*