# SUPREME COURT.

## DALE agt. RADCLIFF and CUTTER.

The Code (§ 204) provides that a defendant may apply on motion to vacate an order of arrest, at any time "before the justification of bail." The question is, does this provision include a case of this kind :

The defendants' attorney, on the day of the arrest of the defendants, proposed to the plaintiff's attorneys, that they should then accept bail, to which the latter consented, on condition that the bail should be forthwith examined by them. The bail were accordingly examined as to their qualifications; their depositions were written down and signed, and then delivered to the defendants' attorney, to be attested in the usual manner before a commissioner. After the examination, the plaintiff's attorneys indorsed upon an undertaking which was produced by defendants' attorney, a consent that the sheriff should accept this bail. The consent being presented to the sheriff, he discharged the defendants from custody.

*Held,* on motion afterwards made to discharge or vacate the order of arrest, that the defendants had voluntarily and deliberately took a step fully equivalent to the affirmative act of a technical justification, and had thereby waived any objection to having been held to bail. Motion denied.

*New - York General Term, September,* 1857.

APPEAL from an order denying motion to discharge from arrest.

——————, *for plaintiff.*
——————, *for defendants.*

By the court— CLERKE, Justice. The defendants were arrested on Saturday the 14th June, 1856, under a judge's order, and at 10 o'clock in the evening of that day, their attorney called on the attorneys of the plaintiff, and proposed that they should then accept bail. After considerable hesitation, they consented to this proposal, on the condition that the proposed bail should be forthwith examined by them. The bail were accordingly examined as to their qualifications; their depositions were written down and signed, and then delivered. to the defendants' attorney, to be attested in the usual manner,

Dale agt. Radcliff and Cutter.

before a commissioner. After the examination, the plaintiff's attorneys indorsed upon an undertaking, which was produced by defendants' attorney, a consent that the sheriff should accept this bail. The consent being presented to the sheriff, he discharged the defendants from custody that night, or on the following day.

The indorsement on the undertaking was in the following words:

"We approve of the within undertaking, and are satisfied with the sureties, June 14th, 1856." After the lapse of several months (on the 26th February last), a motion was made on behalf of the defendants, to discharge or vacate the order of arrest before Judge PEABODY, who denied it, on the ground that the defendants had waived their right to move to vacate the order by proposing bail to the plaintiff's attorneys, as above stated, by inducing them to examine and accept the bail, and by said acceptance procuring their discharge from custody. By the consent, and by indorsing their satisfaction on the undertaking, the plaintiff's attorneys relinquished their right to except, so that no objection to the bail could be afterwards made, and no further examination of them be demanded.

It is insisted by the defendants' counsel, that as the Code (§ 204) provides, that a defendant may apply on motion to vacate the order of arrest at any time "before the justification of bail," and as the defendants did not, literally, justify in this case, after exception regularly taken in the ordinary way, that they are not precluded by the arrangement above referred to, from moving to set aside the order of arrest. Undoubtedly, the court in this district, at general term, decided in Barber agt. Hubbard (3 Code Rep. 171), that a motion of this description may be made at any time before justification, even after the expiration of the time for the party to except, and where, consequently, there could be no justification, the bail having been forfeited by the mere lapse of time. This is contrary to some decisions in other districts, and in other courts, where it has been held, that the time for excepting having elapsed, and the bail having, consequently, become

Dale agt. Radcliff and Cutter.

perfect, in analogy to the provision of the Code (§ 204), the defendant waived his objection to having been arrested or held to bail. Judge MITCHELL placed the decision of this court on the ground that mere inactivity in allowing the time to expire for the opposite party to except to bail, without the defendant's moving in the meantime, did not amount to a waiver; and in this respect the court in this district differed, and still differs from the decisions to which I have alluded. It does not, however, by any means contend, that in order to debar a defendant from making this motion, there must be a literal or actual justification; but to debar him, he must take some step in the cause, which, from its nature, assumes that it was proper to require bail. He must do something *affirmatively;* and then, in analogy to § 204, it may be reasonably supposed that he has waived any objection to having been held to bail. It is then too late for him to ask to have the order of the arrest vacated.

This section declares in effect, that if he justifies, he waives the right; it is a fair indication that he has not the inclination or ability to disturb the order; but merely refraining from doing this, is no evidence of any such acquiescence. Where personal liberty is concerned, it is not expedient to infer intention from negative conduct, from mere omission. In the case before us, the defendants voluntarily and deliberately took a step fully equivalent to the affirmative act of a technical justification. They offered bail to the plaintiff's attorneys. They induced them to examine the bail, and after the same kind of examination that takes place on justification, the attorneys, at the solicitation of the defendant's attorney, wrote their approval on the undertaking, precisely equivalent to the allowance of bail by a judge, and producing the same effect; the discharge of the defendants from custody. In the language of Judge MITCHELL in *Barber* agt. *Hubbard,* "this was an act, which from its nature, assumes that it was proper to require bail," and may be considered very justly, a waiver of any objection to having been held to bail.

The order appealed from, should be affirmed, with costs.