### DANIEL G. COOK *vs.* JOHN BERTH.

The jurisdiction of a magistrate to try an action, under the Gen. Sts. *c.* 137, for possession of land, which the plaintiff claims by virtue of a written lease from the owner, is not ousted by the fact that, some days before the action was begun, the magistrate drew the lease, and a month before wrote a notice from the owner to the defendant to quit the premises; or by the fact that he was the only subscribing witness to the lease.

ACTION under the Gen. Sts. *c.* 137, for possession of land in Blackstone. Writ dated June 12, 1867. Trial in the superior court, before *Reed*, J., who allowed the following bill of exceptions:

"The defendant had been, prior to June 1, 1867, tenant at will of the premises under Lyman Emerson, the owner; on that day Emerson made a lease, for a term of one year, of the premises to the plaintiff; and it was under this lease the plaintiff

claimed. This action was originally brought before Willard Wilson, a justice of the peace, and came to this court by appeal from his decision. Upon the trial in this court, Wilson was called as the subscribing witness to the aforesaid lease, and the evidence tended to show that he was the sole subscribing witness thereto; that he drew the lease; and that, a month or more before the date of the lease and before the proceedings on which this action is based, Emerson had taken some steps to get the defendant out of the premises in question, and on that occasion Wilson wrote for Emerson the notice to the defendant to quit. The testimony of Wilson and of Emerson tended to show that Wilson had not been advised with by Emerson or the plaintiff in reference to this suit, or been employed by either of them, except to do the writing aforementioned. Whereupon the defendant moved to dismiss this action, upon the ground that on the foregoing facts Wilson had no jurisdiction thereof, but the motion was overruled. The verdict was for the plaintiff, and the defendant alleged exceptions." .

*A. A. Putnam*, for the defendant.

*S. A. Burgess*, for the plaintiff.

GRAY, J. The bill of exceptions does not require or authorize this court to pass upon the propriety or impropriety of the conduct of the magistrate before whom this action was commenced, but presents the single question whether he had jurisdiction of the case. His jurisdiction is sought to be impeached upon the ground that he had such an interest in the case as to be disqualified from acting therein as a judge. But the evidence reported falls short of proving any such ground of impeachment. It only shows that some days before the commencement of this action he had drawn a lease from Emerson, the owner of the land, and a month before had written for the same owner a notice to this defendant to quit the premises. That notice could not have been, and there is no evidence that the lease was, written or delivered with any reference to a suit by this plaintiff. On the contrary, the only evidence upon this subject, as stated in the bill of exceptions, tended to show that the magistrate " had not been advised with by Emerson or the plaintiff in reference to

this suit, or been employed by either of them, except to do the writing aforementioned."

In *Richardson* v. *Welcome*, 6 Cush. 331, and *McGregor* v. *Crane*, 98 Mass. 530, it appeared that the magistrate was acting as attorney of the plaintiff in the same matter and at the very time of his sitting in a judicial capacity ; and in the first of those cases he had also instigated the prosecution of the suit, and had agreed with the plaintiff to tax nothing for his services in the case unless he should decide in the plaintiff's favor.

The fact that the magistrate was an attesting witness to the lease did not disqualify him from trying a case in which the lease might be offered in evidence, although it might be questionable whether he could testify upon a trial before himself alone. 2 Taylor on Ev. (4th ed.) § 1244. But the bill of exceptions does not show that he was called as a witness at the trial before him ; the appeal vacated his judgment; and no objection has been or could be made to his competency to testify upon the trial in the superior court. *Exceptions overruled.*