Aug. 11, 1876.                    JACOBS *v.* STEVENS.

The defendant, having been arrested on mesne process upon the usual affidavit for arrest, procured bail, and at the return term appeared in court, where, upon motion, he and his bail were discharged, on the ground that when arrested he was not legally liable to arrest. He then moved that the action be dismissed for want of legal service, tendering proof that he was not legally liable to arrest at the time he was arrested. No defect in the writ or service was pointed out, and the grounds of the defendant's exemption from arrest were not suggested by plea or otherwise. *Held,* that the discharge of the defendant from arrest and his bail from liability did not discharge the debt; that the defendant, by voluntarily giving bail, recognized, and submitted to the jurisdiction of the court; and that there was no error in the denial of his motion to dismiss the action, and the exclusion of the evidence in support thereof.

FROM COÖS CIRCUIT COURT.

ASSUMPSIT. The plaintiff made the usual affidavit for the arrest of the defendant, on the back of the writ, and the officer's return showed

that the writ was served by arresting the body of the defendant and taking bail, and in no other way. Upon the return of the writ the defendant appeared in person in court, and by his attorneys moved that he and his bail be discharged, under Gen. Stats., ch. 206, sec. 10, on the ground that he was not liable to arrest. The motion was granted. Thereupon his attorneys, having appeared specially for that purpose within the first four days of the term, filed a written motion to dismiss, "because the writ in this action was never legally served upon the defendant." Upon this motion the defendant offered to prove that he was not legally liable to arrest at the time he was arrested. The court excluded the evidence, and the defendant excepted. The questions of law arising on the foregoing statement were transferred by LADD, J.

*Geo. A. Bingham*, for the plaintiff.

The service of this writ was sufficient to require the party to appear in court. It was strictly in accordance with secs. 13 and 15 of ch. 206 of the Gen. Stats. The design in serving the writ is, to bring the defendant into court; and when he is once in court, under the form of service prescribed by the statute for bringing defendants into court, he has had such notice as will enable the court to render judgment against him, although his bail may be discharged under sec. 10 of said chapter. There is no analogy between this case, and the case of a defendant carried before two justices of the peace and discharged under the provisions of sec. 9 of said chapter. In that case the defendant is never in court, and gives no bail requiring his appearance at court. The mode of service and return prescribed in secs. 13 and 15 has been held sufficient to warrant a judgment by default against the defendant, in case of his non-appearance at the term. The special appearance by the defendant to move that his bail be discharged, though the object of it was accomplished, cannot preclude the plaintiff's right to have the defendant defaulted upon a cause of action stated in the writ, and judgment rendered thereon, which would be as valid as if he had made no appearance.

*Burns & Heywood*, for the defendant.

By sec. 8, ch. 206, Gen. Stats., no person can be arrested upon a writ or execution founded upon contract, unless the plaintiff, or some person in his behalf, shall make an affidavit that the defendant is indebted to the plaintiff in a sum exceeding thirteen dollars and thirty-three cents, and that he conceals his property so that no attachment or levy can be made, or that he has good reason to believe the defendant is about to leave the state to avoid the payment of his debts. Sec. 9 provides for taking the defendant, thus arrested, before two justices, and upon a hearing by the justices, if they believe he does not conceal his property and has no intention to leave the state, they are to make an order for his discharge upon the writ or execution, and the defend-

ant shall be released. In such a case, the arrest having been unauthorized, the circuit court before which the suit is made returnable has no jurisdiction of the person of the defendant, so that a valid judgment can be rendered against him. *Chadbourn* v. *Lancaster Bank*, 24 N. H. 333.

To give the court jurisdiction of the person of the defendant, in an action upon contract where there is no ground for an arrest, a summons must be served upon the defendant, or he must voluntarily appear and answer in court, in person or by attorney, or in some manner waive the service of summons. By section 10, the defendant, at the return term of the writ, may apply to the court, and, upon satisfactory proof that the defendant does not conceal his property and does not intend to leave the state, the court before which the writ is returnable may order such discharge. This is in the same manner and with the same effect as if the defendant had been discharged by two justices. Upon such hearing the defendant is not to be discharged, unless the evidence shows that the defendant was not liable to arrest under the statute; and if he was not liable to arrest he is to be released; and no service having been made by summons, as the statute requires in all actions upon contract where the defendant is not liable to arrest, the court has no jurisdiction of the person of the defendant so that it can render a judgment against him. See cases cited in Digest, p. 550, sec. 43.

It was by virtue of the arrest that the plaintiff attempts to bring the person of the defendant under the power or jurisdiction of the court; and when the defendant is discharged by an order of the justice or the court, the jurisdiction of the court over him is terminated if no other service is made.

At common law, as we understand, a discharge from arrest on execution went so far as to discharge the debt, but by section 11 the debt or judgment is not discharged. By that section the action is not saved; it is the debt or judgment that is not discharged;—and from the language used we claim that it clearly appears that the writ, if arrest be upon a writ,—or if upon execution, then the execution,—is quashed by the discharge like any process of a court that has been improperly issued. It turns out that the plaintiff had no more right to arrest the defendant and bring him into court by arrest, than he would have under our statute upon a *capias* without an affidavit; and in both instances the writ should be quashed because improperly taken in that form by the plaintiff. *Hubbard* v. *Sanborn*, 2 N. H. 468.

A special appearance of a defendant in court to move that he be discharged from arrest, and that a writ be quashed, is never a waiver of a defect of service.

The case instanced by the plaintiff, that upon a default in. this cause a valid judgment could have been taken, is not parallel, as there upon the record the defendant would appear to have been legally arrested. The defendant has, then, legal service under the statute, and the court has jurisdiction of his person, and may therefore render a valid judgment against him.

The writ, officer's return, and the defendant's discharge are all a matter of record, so that the want of proper service appears on record, and may be taken advantage of by motion to dismiss the suit. *Crawford* v. *Crawford*, 44 N. H. 428.

\*Foster, C. J., C. C. Upon being arrested, the defendant procured bail in the manner prescribed by Gen. Stats., ch. 206, sec. 13—that is to say, special bail—in accordance with the practice in this state. See *Chadbourn* v. *The Lancaster Bank*, 24 N. H. 333.

The object of such bail is, to secure the appearance and attendance of the defendant in court—*Norton* v. *Danvers*, 7 Term 375, *Lewis* v. *Brackenridge*, 1 Blackf. 115 ; and the contract of the defendant and his sureties, or bail, as indicated by the long established practice in this state, and regulated by Gen. Stats., chs. 206, 223, was formerly expressed in the condition of the bond given to the sheriff upon the arrest of the principal, it being in substance that the defendant shall appear to answer to the action—shall satisfy the plaintiff's judgment, or shall surrender his body to be taken in execution, or that the bail shall pay the debt. *Hamilton* v. *Dunklee*, 1 N. H. 173. In modern practice all this condition and contract is regarded as expressed by the bail putting their names on the back of the writ, thereby giving their assent to the taking upon themselves the liabilities of bail. *Pierce* v. *Reed*, 2 N. H. 360–362.

In this manner the bail become sureties for the appearance of their principal in court, and all the purposes of bail above and bail below, technically speaking, are answered and fulfilled. See Bouv. Law Dic., tit. Bail.

As by the terms of this contract the bail become sureties for the appearance of their principal, so the principal himself agrees to appear at the return day of the writ, unless this obligation shall be sooner discharged by due course of law.

By the prescribed form of a writ of capias—Gen. Stats., ch. 203, sec. 15—the officer is commanded to arrest the body of the defendant, or to attach his goods or estate, and summon him to appear at court. This form is called a capias and attachment. Although by the terms of this precept the officer is directed to summon the defendant, yet no writ of summons, in practice, is given to the defendant, nor is it required by law,—the writ of summons in the form prescribed by law being required only in the case where the defendant's goods or estate are attached, in which case, the alternative requirement of the writ of summons and attachment having been fulfilled, the process, so far as it is a capias, is *functus officio*. And the reason why the writ of summons is not required to be served, where bail is given to the sheriff, is because, by the very act of giving bail, the defendant has acknowledged notice, and agreed to appear in court at the return day.

But the defendant, being arrested, may require the officer making the

---

\* Ladd, J., did not sit.

arrest to carry him before two justices, one of whom shall be of the quorum, and, upon certain prescribed conditions, these justices may discharge him from arrest. In such a case, the defendant not having given bail, the service by arrest is defeated and avoided by the discharge, and the defendant is under no obligation to appear at court; and the court has no jurisdiction of the cause, unless a new and different service is made, after the discharge, as may properly then be done by the unexhausted alternative command of the precept, to attach the defendant's property and summon him to appear in court. *Chadbourn* v. *The Bank*, before cited; *Wheeler* v. *Barry*, 6 Vt. 579.

In the case before us, the defendant, being arrested, gave bail in the usual way, and made no effort to defeat the service of the writ. He submitted to it and came into court by his attorneys, and then moved that he and his bail be discharged upon the ground that he did not conceal his property nor intend to leave the state; and this motion was granted. The effect of this was, that he was discharged from arrest, and his bail was discharged from the obligation which the bail had assumed. But the defendant was then properly in court and subject to its jurisdiction.

In this state, the precise contract which is implied by the act of giving bail is not now prescribed by statute. Formerly it was literally defined. By the statute of February 15, 1791, entitled " An act regulating bail in civil causes," it was expressed as an obligation " for the appearance of the party to answer the suit, and abide the order or judgment of the court that shall be given thereon." N. H. Laws, ed. of 1792, p. 99.

This obligation, as I have before remarked, answers the purpose of bail above and bail below; that is, the sureties not only bind themselves either to satisfy the plaintiff, his debt and costs, or to surrender the defendant into custody, provided judgment be against him and he fail to do so; but, also, they bind themselves to the sheriff to secure the defendant's appearance on the return day of the writ, to answer to the action and abide the order of court. 3 Bouv. Inst. 195–197.

The obligation or contract of bail prescribed by statute in 1791 it is presumed has never been abrogated or changed in this state. In *Pierce* v. *Reed*, 2 N. H. 360, Mr. Chief-Justice RICHARDSON says,—" In this state bail is given to the sheriff by bond; " but on page 362 he says,— " The real contract into which bail enter is prescribed by statute." "No lawyer," he continues, " would think of looking into the condition of a bail bond in order to ascertain the nature of the contract. Indeed, a bail bond is rarely actually taken by the sheriff in this state. The bail, instead of executing a bond, put their names on the back of the writ, and thereby give their assent to the taking upon themselves the liabilities of bail."

And now, by statute (Gen. Stats., ch. 206, sec. 13), it is enacted that " When any person is arrested on mesne process, he shall be committed to jail, unless he procures one or more persons of sufficient ability, to

the satisfaction of the officer, to become his bail, by indorsing their names or signatures as bail on the back of the writ."

But bail now means just what it meant in 1791—security for the defendant's appearance; and when the defendant has appeared in court, whether his bail remain liable or become discharged, he is there, subject to the order of the court; and no discharge of the defendant from arrest, or of his bail from their liability, shall discharge the debt. Gen. Stats., ch. 206, sec. 11.

The defendant, being thus in court, moved to dismiss the action " because the writ was never legally served upon him." And upon this motion the defendant offered to prove that he was not legally liable to arrest at the time he was arrested. The court excluded the evidence, and the defendant excepted. But the case finds that the plaintiff made the usual affidavit for the arrest of the defendant on the back of the writ, and the officer's return showed that the writ was served by arresting the body of the defendant and taking bail.

No defect in the service is pointed out, and it is not suggested upon what ground the defendant was not legally liable to arrest.

" Where the defect is the want of legal service of the writ, and such defect is apparent on the record, the court, on motion, if seasonably made, will generally quash the proceeding."

" If the process be defective in point of form, or its direction, teste, or return, or the attorney's name be not indorsed upon it, the defendant may move to set aside the proceedings."

But, " where the defect is not apparent upon the record, the court will not take notice of it without plea, even upon an agreed statement of facts; but if the defect be a substantial one, is apparent upon the record, and cannot be cured by amendment, and is seasonably brought to the notice of the court by motion, the proceeding will ordinarily be dismissed." *Crawford* v. *Crawford,* 44 N. H. 430, 431; Tidd's Prac. 90; *Morse* v. *Calley,* 5 N. H. 222.

The failure of the party to obtain the dismissal of the action in such a case will not, of course, preclude him from any remedy he may have by his action for damages against the sheriff or the plaintiff, if he has in fact been illegally arrested.

In several jurisdictions it has been held that giving bail is equivalent to an appearance in court and a submission to the jurisdiction. Thus, a defendant, being arrested upon the affidavit required by statute in Michigan, was brought into court, where, without pleading, he gave bail, and obtained an adjournment of the cause. On the adjourned day he moved to set aside the proceedings because of irregularity in the arrest. It was held that after an appearance to the action has been perfected by giving bail, it is too late to object to the regularity of the proceedings, or to deny the sufficiency or the truthfulness of the affidavit. *Stewart* v. *Hill,* 1 Mich. 265.

So, also, in New York, it has been decided that when a person not liable to arrest puts in bail, he waives his privilege, and cannot object that the affidavit on which the order of arrest was founded was insuffi-

cient, unless fraud is shown.  *Stewart* v. *Howard*, 15 Barb. 26 ; *Wright* v. *Jeffrey*, 5 Cow. 15.

" The affidavit to hold to bail," it is said, " is a component part of the process, used for the purpose of bringing the defendant into court. Whenever the defendant regularly appears to the action, or voluntarily does an act adopting the process, the object is then accomplished for which the affidavit is made and the writ issued, and no objection can afterward be made to the validity of the one or the other." Note to *Lewis* v. *Brackenridge*, before cited ; *Norton* v. *Danvers*, before cited ; *Chapman* v. *Snow*, 1 Bos. & Pul. 131 ; *Jones* v. *Price*, 1 East 81 ; *D'Argent* v. *Vivant*, 1 East 330.

In the case at bar, the defendant voluntarily gave bail, and thus recognized, and submitted to that form of service and summons into court. He did not go there upon compulsion. He had the statutory permission and right to go before two justices, and there obtain his discharge from arrest if he was illegally detained.

In *Brown* v. *Kelley*, 20 Mich. 32, it was held that the giving bail upon arrest did not operate as a waiver of the right to object to the affidavit ; but the decision went upon the ground that by local statute a party arrested on affidavit is to be brought forthwith before a justice, to answer the plaintiff in the plea mentioned in the warrant, and, before any adjournment for the purpose of pleading is allowed, the defendant is compelled to give bond or remain in custody ; and it was considered that it would be onerous and unreasonable to regard the giving of bail in such a case as a waiver of the right to object to the affidavit.

But in *Dale* v. *Radcliffe*, 25 Barb. 333, it was held that where the defendant, on being arrested, offered bail to the plaintiff's attorney, which was accepted, and thereby procured his discharge from custody, this was an act on the part of the defendant which assumed that it was proper to require bail of him, and amounted to a waiver of any objection to having been held to bail.

Upon all the considerations thus expressed, I am of the opinion the defendant's exception should be overruled.

SMITH, J., concurred.

CUSHING, C. J.  By Gen. Stats., ch. 206, sec. 13, " When any person is arrested on mesne process, he shall be committed to jail, unless he procures one or more persons of sufficient ability, to the satisfaction of the officer, to become his bail by endorsing their names or signatures as bail on the back of the writ."

In this case, the officer's return showed that the writ was served by arresting the body of the defendant, and taking bail. We must understand that the writ was that which in the General Statutes is called capias and attachment. By the writ, the officer is ordered to arrest the body of the defendant, or to attach his goods and estate, and summon him, &c. By Gen. Stats., ch. 206, sec. 13, " When any person is arrested on mesne process, he shall be committed to jail unless he procures one

or more persons of sufficient ability, to the satisfaction of the officer, to become his bail by endorsing their names or signatures as bail on the back of the writ." By the precept of the writ he is to arrest the body and make return of the writ, with his doings therein ; and, by the statute, having arrested the defendant, he is to commit him to jail, unless he procures bail. It follows that in this case, in which the return shows that the defendant was arrested and held to bail, and the facts duly returned, the process was duly served.

By Gen Stats., ch. 207, sec. 1, " If any defendant, on whom process has been duly served, neglects to appear at the court to which the same is returned, his default shall be recorded, and judgment shall be rendered against him for such damages as upon inquiry the plaintiff appears to have sustained."

The defendant in fact did not appear. Counsel had leave on his behalf to move for his discharge, and that of his bail, but with the express reservation that they did not appear so as to submit themselves to the jurisdiction of the court ;—in other words, he did not appear, and was properly defaulted.

The case, therefore, comes exactly within the statute. Is there anything apparent from the case by which this result is prevented ? I understand the position of counsel to be, that the discharge on motion shows that the defendant was not liable to arrest, and that service made in that way is no service, and therefore there has been no due service of process.

I do not so understand the statute, which expressly authorizes the arrest if a proper affidavit be indorsed on the writ. The arrest being legal, carries with it all the consequences of a legal arrest, excepting in so far as the statute modifies it. The statute modifies the arrest to this extent, that the defendant may at the return term of the writ move the court to be discharged, or that his bail or sureties may be discharged; and the court, upon satisfactory evidence that the defendant does not conceal his property, and does not intend to leave the state, may order such discharge.

But the statute expressly provides—Gen. Stats., ch. 206, sec. 11— that " No such discharge, nor any discharge of a person arrested or imprisoned on execution, shall discharge the debt or judgment upon which the execution issued."

It should be observed that the statute speaks in the present tense. The defendant is to be discharged, not if it is made to appear that he did not at the time the arrest was made conceal his property, and was not then about to leave the state, but it is if it shall be made to appear that he *does* not conceal his property, and *is* not about to leave the state. So, when the execution issues, the affidavit is still in the present tense, and the defendant cannot be taken on execution, unless he is at that time concealing his property, &c. The discharge, then, by the court does not show that he was not liable to arrest at the time he was arrested, but that he is not at the time of his discharge liable to be longer detained.

So, by section 12, " In any case when no sufficient attachment has been made, and there is no sufficient bail, the court or any justice thereof, upon motion and satisfactory evidence that the defendant intends to leave the state, may order a capias to issue, on which the defendant may be arrested and held to bail as on an original writ." Of course it would seem to follow, that if the defendant do not furnish bail he must be committed.

It was seriously contended soon after the passage of this law that the whole proceeding depended upon the facts existing at the commencement of the action, and it was contended that, such being the case, no affidavit need be put upon an execution issued where there had been an affidavit upon the writ; but the court held otherwise. *Kidder* v. *Farrar*, 20 N. H. 320 ; *Janes* v. *Miller*, 21 N. H. 371. In these cases it was held, that, notwithstanding the affidavit was upon the original writ, there must also be an affidavit placed upon the back of the execution. This view, if correct, entirely destroys the force of the contention that the discharge by the court shows that the original arrest was illegal, and of no effect.

It being expressly enacted that after due service of process, and return of the same to the court, the defendant, if he do not appear, shall be defaulted,—and in this case, the defendant not having appeared,— the default was rightly ordered.

*Exceptions overruled.*