## CALIFORNIA WINE COMPANY v. MURRAY.

62    591
71    218
62    597
72    473

A defendant arrested on mesne process upon affidavit, under Gen. Laws,
c. 225, s. 8, will be discharged from arrest, or his bail will be discharged, on
motion at the return term, when it appears that he does not then conceal
his property and does not intend to leave the state, although it appears
that the alleged cause of arrest existed when the arrest was made.

MOTION to discharge bail.    Facts found by the court.    The
defendant was arrested under the provisions of Gen. Laws, c. 225,
s. 8, the affidavit charging "that he conceals his property so that
no attachment or levy can be made, and that there is good reason
to believe he is about to leave the state to avoid the payment of
his debts."    When the suit was commenced the defendant was
the owner of property subject to attachment sufficient to secure
the plaintiffs' debt, and concealed it by giving a bill of sale of it
to a third party and representing that he did not own it.    After
his arrest in this suit he mortgaged this property to another cred-
itor to secure a just debt, which mortgage was duly executed and
recorded, the grantee in the bill of sale joining in the mortgage,
and at the time when this motion was made and the hearing had
he did not conceal his property so that no attachment or levy
could be made, though the grantee in the bill of sale has never

reconveyed the equity of redemption in the property described in it to the defendant. The character of the bill of sale was not disclosed until the hearing on this motion. It is not found that, either at the time of his arrest or at the time of the hearing on the motion to discharge bail, he had any intention of leaving the state to avoid the payment of his debts. On the foregoing facts the court ordered the bail discharged, to which the plaintiffs excepted.

*Copeland & Dodge*, for the plaintiffs.

*Sulloway, Topliff & O' Connor*, for the defendant.

CLARK, J. The defendant having been arrested on mesne process under Gen. Laws, *c.* 225, *s.* 8, procured bail, and at the return term of the writ moved that his bail be discharged as provided in section ten of the same chapter, which is as follows: " At the return term of such writ, the defendant may move the court to be discharged, or that his bail or sureties may be discharged; and the court, upon satisfactory evidence that the defendant does not conceal his property and does not intend to leave the state, may order such discharge . . ." The court found that the defendant concealed his property when the arrest was made, by giving a bill of sale to a third party and representing that he did not own it ; but having mortgaged it to another creditor to secure a just debt, he did not conceal it when the motion to discharge bail was made and the hearing had, and that he had no intention of leaving the state. The court ordered the bail discharged, and the plaintiffs excepted.

If, at the return term of the writ the defendant did not conceal his property, and had no intention of leaving the state to avoid the payment of his debts, he was entitled to have his bail discharged ; and upon the finding of the court the order discharging the bail was authorized by the statute. Upon this point we adopt the language of *Cushing*, C. J., in *Jacobs* v. *Stevens*, 57 N. H. 610, 617 : " It should be observed that the statute speaks in the present tense. The defendant is to be discharged, not if it is made to appear that he did not at the time the arrest was made conceal his property, and was not then about to leave the state, but it is if it shall be made to appear that he *does* not conceal his property, and *is* not about to leave the state. So, when the execution issues, the affidavit is still in the present tense, and the defendant cannot be taken on execution, unless he is at that time concealing his property, &c. The discharge, then, by the court does not show that he was not liable to arrest at the time he was arrested, but that he is not at the time of his discharge liable to be longer detained." The fact that prior to the General Laws an affidavit was in all cases required on the execution to authorize an arrest

of the defendant, notwithstanding he had been arrested on affida-
vit on the writ, shows that to justify an arrest, the concealment of
property, or the intention to leave the state to avoid payment of the
debt, must exist at the time of issuing the execution. *Kidder* v.
*Farrar*, 20 N. H. 320; *Janes* v. *Miller*, 21 N. H. 371. A defend-
ant may be liable to arrest on mesne process, and not on the exe-
cution issued on the judgment recovered in the same action; and
he may be liable to arrest on execution, although not arrested on
the writ. Section 12 provides for an arrest pending the suit, as
follows: " In any case where no sufficient attachment has been
made and there is no sufficient bail, the court or any justice there-
of, upon motion and satisfactory evidence that the defendant in-
tends to leave the state, may order a *capias* to issue, on which the
defendant may be arrested and held to bail as on an original
writ." The purpose of this section is to secure the appearance of
the defendant so that he may be taken on execution if the cir-
cumstances then existing authorize an arrest. There is no provi-
sion for the attachment of property while the action is pending,
after the return of the writ. If the plaintiff recovers judgment,
he may levy his execution upon any property of the defendant
open to attachment, and upon satisfactory evidence that the de-
fendant conceals his property so that no levy can be made, he
may arrest the body.

The concealment of his property by the defendant at the com-
mencement of the action authorized his arrest upon the writ; it
also rendered him liable to the penalty prescribed by Gen. Laws,
*c.* 275, for fraudulently concealing property; but at the return
term of the writ, it appearing to the court upon satisfactory evi-
dence that he did not conceal his property and did not intend to
leave the state, the motion to discharge the bail was properly
granted.

It is urged, that the object of holding to bail is to hold the de-
fendant until he can be arrested on execution; and that the defend-
ant in this case, having been guilty of concealing his property at
the commencement of the suit, could not relieve himself from
arrest on the execution by taking the poor-debtor's oath. Whether
such concealment would exclude the defendant from taking the
poor-debtor's oath we need not now inquire. It is a sufficient
answer to this argument that no person can be lawfully arrested,
or compelled to make application to take the oath for the relief of
poor-debtors, upon an execution founded on a contract, unless it
appears that he conceals his property so that no attachment or
levy can be made, or that there is good reason to believe he is
about to leave the state to avoid the payment of his debts. G. L.,
*c.* 225, *s.* 8. Section 9, providing for an application for a discharge
from arrest, applies to arrests made on affidavits on execution, as
well as to arrests made on mesne process. " The defendant in
such case, when arrested, may require the officer making the

arrest to .carry him before two justices, one of whom shall be of the quorum; and such justices, upon considering his affidavit and such evidence as may be laid before them, if they believe he does not so conceal his property and has no intention to leave the state, may make an order for his discharge upon the writ or execution, and he shall be released."

*Exceptions overruled.*

STANLEY, J., did not sit; the others concurred.