OSGOOD *v.* THORNE *& a.*

The fact that a conveyance was made for the purpose of preferring certain creditors of the grantor, does not of itself make such conveyance fraudulent as to his other creditors.

An objection to the competency of a magistrate appointed to determine whether an execution debtor shall be admitted to take the poor debtor's oath, should be addressed to the judge who makes the appointment.

DEBT on a bond to take the poor debtor's oath. Plea, the general issue, with a brief statement that the principal, Thorne, took the oath within the year. Facts found by the court.

July 1, 1882, the plaintiff recovered a judgment against Thorne for about $800. Directly upon learning of the judgment, and between July 5 and July 11, Thorne mortgaged and conveyed to certain of his creditors all his attachable property, as security for and in payment of his indebtedness to them, with the intent to prefer those creditors. July 23, Thorne was arrested on an execution issued upon the above judgment, and gave the bond in suit. Upon his application afterwards made to a justice of this court, two magistrates were appointed to determine whether he should be admitted to take the oath. One of those magistrates, Mr. Fitts, acted as scrivener in making some of the conveyances above referred to. May 28, 1883, a hearing was had before the magistrates, and Thorne was admitted to take the oath. When Fitts wrote one of the mortgages, he had knowledge that Osgood had recovered a judgment against Thorne. The mortgages and conveyances would not have been made but for the rendition of the judgment.

The plaintiff objected that Fitts was disqualified to act as magistrate, and that the decision of the magistrates was wrong as matter of law, inasmuch as they must have decided that the conveyances of Thorne, though made to hinder, delay, and defraud his creditors, were not fraudulent.

The court ordered a nonsuit, and the plaintiff excepted.

*Wm. L. Foster* and *J. B. Haselton*, for the plaintiff.

*A. F. L. Norris*, for the defendants.

BLODGETT, J. As matter of law, the mortgages and conveyances were not fraudulent. They were made to secure or pay just debts, and, as a consequence of ownership and dominion, a debtor may legally either give or allow a preference in respect of his property to one creditor rather than another, provided that it be done in good faith. Nor, in the absence of statute provisions to the contrary, is this right affected by the debtor's insolvency, or the preferred creditor's knowledge of such insolvency. If there is no secret trust or understanding between them for the debtor's benefit, and the motive of the transfer is, to pay or secure an honest debt, the transaction is a lawful one, although the effect may be to delay or even to prevent the other creditors from obtaining payment of their equally meritorious claims; in short, the payment or security of a debt to one creditor by way of preference is legally no fraud upon other creditors, and so does not come within the provisions of the statute of 13 Eliz., *c.* 5, as to fraudulent conveyances. "The distinction is between a transfer of property made solely by way of preference of one creditor over others, which is legal, and a similar transfer made with a design to secure some benefit or advantage therefrom to the debtor, which is fraudulent and illegal." *Bigelow*, C. J., in *Banfield* v. *Whipple*, 14 Allen 15. Between the debt of the plaintiff and those of the preferred creditors the law knows no distinction. The statute is aimed only at intended fraud; hence if the debtor acts in good faith in the transfer of his property, and reserves no advantage to himself, fraud cannot be predicated upon such a transaction, and the rights of creditors must be determined according to their respective priorities. In point of law, therefore, no manifest error appears in the finding of the magistrates exonerating the debtor from "any fraud, deceit, or falsehood in relation to his property." G. L., *c.* 241, *s.* 6.

Whether Fitts was disqualified to act as one of the magistrates on the debtor's application to take the poor debtor's oath, by reason of the mere clerical service of writing some of the mortgages, it is unnecessary to determine. See, however, *Cook* v. *Berth*, 102 Mass. 372. If he was disqualified, the objection was not properly taken at the hearing, but should have been made to the justice of this court by whom Fitts was appointed, so that another magistrate might have been seasonably substituted in his stead.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.