Hillsborough,
March 1, 1904.

### MASSACHUSETTS BREWERIES CO. *v.* COLBURN *& a.*

A defendant who has been committed upon an execution issued in an action of assumpsit should be admitted to take the oath for the relief of poor debtors, if at the time of his application he does not conceal his property so that no attachment thereof can be made.

PETITION, for a writ of *certiorari.* The defendant Colburn was committed to jail on an execution issued in an action of assumpsit brought against him by the plaintiffs, and applied to the other defendants, who are the two justices appointed by the court, to be admitted to take the oath for the relief of poor debtors. The justices held that, notwithstanding the fact that Colburn concealed his property at the time the original action was begun, so that no attachment of the same could be made, he should be admitted to take the oath, because he was not concealing his property when the application to them was made, but had used it to pay his debts. At the September term, 1903, of the superior court the justices were ordered by *Wallace,* C. J., to administer the oath to Colburn, and the plaintiffs excepted.

*Walter C. Harriman, Doyle & Lucier,* and *Hamblett & Spring,* for the plaintiffs.

*Wason & Moran,* for the defendants.

YOUNG, J. It was the duty of the justices to administer the oath unless Colburn was guilty of fraud in relation to his property, within the meaning of section 6, chapter 236, Public Statutes. The fraud aimed at by this section is the debtor's convey-

ance of his property in trust for himself.     *Osgood* v. *Thorne*, 63 N. H. 375.     The purpose of chapter 236, Public Statutes, is to release from jail debtors who have no property, or who will assign what they have to their creditors,—not to commit them to jail for life if they have at some time acted fraudulently with respect to their property.     The statute does not contemplate the refusal of the oath to a debtor simply because he was concealing his property at the time of his arrest on mesne process.     Even upon an application for a discharge from arrest, the question is not, did he conceal his property at the time he was arrested, but is he now concealing it.     *Jacobs* v. *Stevens*, 57 N. H. 610, 617.     If Colburn had applied for a discharge from arrest at the return term of the writ, and the same facts had appeared as at the hearing before the justices, he would have been discharged (*California Wine Co.* v. *Murray*, 62 N. H. 597), and could not have been rearrested, either on the writ or on the execution.     It is clear he ought not to be held on the execution under circumstances that would, on motion, authorize his discharge from arrest on the writ (*California Wine Co.* v. *Murray, supra*, 599), especially as it appears that he has used the concealed property in the payment of his debts.

*Exception overruled.*

All concurred.