## William H. Proctor v. William C. Prout.

*Fraudulent Debtor Act : Evidence on which warrant may issue.* In a complaint under the fraudulent debtor act, the complainant must set forth such facts and circumstances, *within his own knowledge*, as will authorize the officer who is to issue the warrant to *find* such a state of *facts* as required by the statute to authorize the proceeding. And if the complainant is not himself personally cognizant of the facts and circumstances relied upon, he must procure the affidavit of some one who is thus cognizant of them.

Such a warrant can not be issued upon hearsay, nor upon any statement, however positive, founded upon hearsay.

The affidavit ought to show upon its face, with reasonable certainty, that the affiant is personally cognizant of the facts set forth.

*What affidavit is insufficient.* An affidavit by the complainant that his debtors, W. and O., refuse to pay their debt; that O. has left the county, and taken all or a part of his property with him to parts unknown to the complainant, or concealed the same; and that W. stated he would not pay the debt, and had taken notes in his mother's name for money belonging to him, and stated that he did it to keep it from his creditors, and that he keeps his property secreted in the name of his wife, as the affiant has been credibly informed, to prevent paying his debts — does not show with reasonable certainty that the affiant is personally cognizant of the facts set forth, and is insufficient.

*Heard and decided January 7th.*

Certiorari to Martin Hawley, a Justice of the Peace in Branch County.

This was a proceeding under the Fraudulent Debtors Act — *Comp. L. § 5390* — and was based upon the following affidavit:

"STATE OF MICHIGAN, } ss.
BRANCH COUNTY. }

William C. Prout, being duly sworn, deposes and says that William H. Proctor and Oliver A. Proctor are justly indebted to this deponent in the sum of $170, upon a judgment rendered by Martin Hawley, Esq. a Justice of the Peace, of the Township of Quincy, in said County, on the 14th day of December, 1867, upon a contract for goods and personal property, sold and delivered to the said William H. Proctor and Oliver A. Proctor, for which demand the said William H. Proctor and Oliver A. Proctor can not be arrested or imprisoned according to the provisions of *Comp. L. Ch. 166* of this state, entitled 'of the punishment of fradulent debtors;' and this deponent further says that he has good reason to believe, and does verily believe that

17 MICH. — F².

PROCTOR *v.* PROUT.

the said William H. Proctor and Oliver A. Proctor are about to remove their property out of the jurisdiction of the court in which said suit is brought with intent to defraud their creditors, and that said defendants have property and rights in action which they fraudulently conceal, and that they have money and evidences of debt which they unjustly refuse to apply to the payment of said judgment which was rendered against them, and in favor of this complainant; also, that they have assigned, removed and disposed of their property with intent to defraud their creditors; and the grounds for that belief are that they refuse to pay said debt or judgment, and that Oliver A. Proctor has left said county and taken all or a part of his property with him to parts unknown to this complainant, or concealed the same; and that William H. Proctor stated that he would not pay said judgment, and has taken notes in his mother's name for moneys belonging to him, and stated that he did it to keep it from his creditors, and that he now resides in the City of Coldwater in said county, and keeps his property secreted or in the name of his wife, as this complainant has been credibly informed to prevent paying his debts.

WILLIAM C. PROUT.

Sworn and subscribed to this 3d day of April, 1868, before me.

M. HAWLEY.
*Justice of the Peace.*"

*Parker & Parsons*, and *Moore & Griffin*, for plaintiff in error.

The affidavit in this case is upon information and belief, and gave the commissioner no jurisdiction.— *10 Wend. 421; 14 Id. 237; 21 Id. 672; 6 Hill, 429; 7 Id. 187; 3 Barb. 175; 17 Id. 179.*

*Shipman & Loveridge*, for defendant in error.

Cited — *14 Wend. 237; 20 Id. 77, 145; 6 Hill, 429; 6 How. Pr. 109; 9 Id. 255; 1 Barb. 552; 5 Id. 575; 15 Id. 546; 16 Id. 367; 14 Mich. 346, 498.*

CHRISTIANCY J.

This was a proceeding instituted by Prout before the justice against William H. Proctor and Oliver A. Proctor, under the act for the punishment of fraudulent debtors, *Comp. L. Ch. 166*—and the defendant, William H. Proctor, brings the case before us upon a certiorari to the justice.

Prout's claim purports to be based upon a judgment recovered by him before the justice against both the Proctors upon contract. The warrant was issued against both, but served only upon William H., and all the proceedings before the justice under the warrant were against him alone.

On the hearing before the justice, he objected to the sufficiency of the affidavit on which the warrant issued, because it did not state any sufficient evidence to give the justice jurisdiction as against him.

By the fourth section of the act the warrant is not to be issued "without satisfactory evidence by the affidavit of the plaintiff, or some other person," of the facts required by the statute, and while the affidavit may state generally the grounds of the application upon belief only, we understand the rule to be well settled that, to show the grounds of his belief, he must set forth such facts and circumstances *within his own knowledge*, as will authorize the officer who is to issue the warrant to *find* such a state of *facts* as required by the statute to authorize the proceeding. And if the plaintiff is not himself personally cognizant of the facts and circumstances relied upon, he must procure the affidavit of some one who is thus personally cognizant of them. The warrant can not be issued upon hearsay, nor upon any statement, however positive, founded upon hearsay.

And in the *ex parte* application for this extraordinary remedy, there being no opportunity for cross-examination as to the matters set forth in the affidavit, we think the true and only safe rule is that the affidavit should show upon its face, with reasonable certainty, that the *affiant* is

PROCTOR v. PROUT.

personally cognizant of the facts set forth. And that if, from the nature of the facts under the circumstances disclosed, such personal knowledge can not fairly be presumed, then it ought, in some manner, to be affirmatively shown in the affidavit.

The portion of the affidavit which purports to set forth the reasons for the plaintiff's belief is as follows: "And the grounds for that belief are that they (William H. and Oliver A. Proctor) refuse to pay said debt or judgment; that Oliver A. Proctor has left said county and taken all or a part of his property with him to parts unknown to this complainant, or concealed the same; and that William H. Proctor stated he would not pay said judgment, and has taken notes in his mother's name for money belonging to him, and stated that he did it to keep it from his creditors, and that he now resides in the City of Coldwater, in said county, and keeps his property secreted in the name of his wife, as this deponent has been credibly informed, to prevent paying his debts."

Of this affidavit, it will be noticed: *First,* That it does not show that the two Proctors had any joint property, nor anything from which such an inference can be drawn. *Second,* The statement that "Oliver A. Proctor has left the county and taken his property, etc.," has no possible tendency to show that William H. Proctor has done the same, nor does it tend to sustain any of the charges contained in any part of the affidavit as against him.

The statement that William H. Proctor keeps his property secreted in the name of his wife, etc., is expressly declared to be upon information and belief, and need not, therefore, be noticed.

The only remaining portion which can possibly be claimed to prove facts and circumstances sustaining any ground upon which a warrant could issue, is, "that William H. Proctor stated that he would not pay said judgment, and has taken notes in his mother's name for money

belonging to him, and stated that he did it to keep it from his creditors." *In form*, this is a positive statement of facts, but when carefully examined and construed, with reference to its object and purpose, it is so *in form only*. As to the statements here attributed to Proctor, there is nothing in their nature from which we can reasonably presume that, if made, they were made to or in the hearing of the affiant, and he has not stated them to have been so made, nor to whom nor on what occasion they were made. If these statements were made to the affiant, or in his hearing, he would naturally have said so, instead of merely saying, in the most general form possible, that "he stated" so and so, without mentioning to whom, or where, or when. This singular silence and reserve, in a case where, if the statements were made to him or in his hearing, it would much better and more certainly have effected his purpose to have said so, seems to indicate special care and caution on the part of the affiant, to avoid saying that the statements were made to him, or in his hearing, or to whom, or on what occasion they were made.

As he was making the affidavit *ex parte*, to satisfy the Justice of the necessary facts on which to obtain a warrant, we may take it for granted that he stated his case as strongly as he thought the facts would warrant; and that if the statements had been made to him, or in his hearing— as this would make out his case beyond dispute, while the general statement might leave it at least doubtful—we may take it for granted he would so have stated his case, if the facts would warrant it. Under such circumstances, in giving a construction to his affidavit, we can not properly construe this general statement as a declaration on his part, that he was personally cognizant of the statement alluded to. Hence we can not treat these general statements as proper evidence upon which the justice could act in granting the warrant.

There is another reason why the affidavit in giving any statements of the defendant should state to whom or on what occasion they were made. By the seventh section of the act, the defendant on being brought before the justice, "may *controvert* any of the *facts and circumstances* on which the warrant issued, and may, at his own option, verify his allegations by his own oath." How could defendant produce witnesses to disprove these general allegations? However false they might be, they do not admit of contradiction by witnesses. And even if he is to controvert them by his own oath — which he cannot be compelled to resort to — fairness to him requires that the allegations of his statements should be more specifically made.

The allegations of the affidavit as to defendant's statements being rejected, the other allegation that "the defendant took notes in his mother's name for money due to himself," if not equally open to the same objection, has no bearing upon any case made by the affidavit for a warrant; as there is no allegation that defendant had ever been requested to apply this money or the notes upon the judgment.

We think the justice acquired no jurisdiction by the affidavit as against William H. Proctor, and that all the proceedings under the warrant were void.

The judgment or determination of the justice must therefore be reversed, with costs of both courts to the plaintiff in the certiorari.

The other Justices concurred.