BROWN *v.* KELLEY.

---

## Jacob L. Brown v. Lawrence Kelley.

*Appeals: Affidavit for a special return: Presumption of regularity.* Where an affidavit for a special return by a Justice of the Peace in an appeal case, states the time of making a motion the denial of which is alleged to be error, and the return shows the motion, but does not specify the time when it was made ; and there being no application by the opposite party for a further return, the motion will be presumed to have been made at the time stated in the affidavit.

*Justices' Courts: Giving bail on arrest: Adjournment: Waiver.* Giving bail on arrest by virtue of a warrant issued by a Justice of the Peace, is no waiver of the right to object to the affidavit, on which the warrant was founded. Nor will an adjournment, obtained before pleading, by a party arrested, waive any right to object to the proceedings on which the arrest was founded.

*Justices' Courts: Affidavit to hold, to bail: Facts must be stated.* The statement of "facts and circumstances" required by the statute in an affidavit for a warrant ( *Comp. L.* § *3673.* ) must distinctly aver, upon knowledge, each fact necessary to make out a cause of complaint. *Proctor v. Prout, 17 Mich., 473,* cited and approved.

*Heard January 6. Decided January 10.*

Error to Kalamazoo Circuit.

This was an action of trespass on the case commenced by a warrant issued by a Justice of the Peace, upon an affidavit of which the following is a copy.

" State of Michigan, Kalamazoo County, ss. Lawrence Kelly, of said county, being duly sworn, deposes and says, that he has a just cause of action and a demand not exceeding three hundred dollars, arising out of a contract against Jacob L. Brown, of the township of Kalamazoo, in said

BROWN *v.* KELLEY.

county, against whom he applies for process by warrant for a breach of trust in converting and disposing of the money of this deponent to the amount of two hundred dollars; and this deponent further says, that heretofore, to wit, on the 17th day of September, A. D. 1866, he placed in the hands of Jacob L. Brown, the sum of three hundred dollars for safe keeping, to be kept by the said Jacob L. Brown until such time as this deponent should call for it; that the said Brown instead of returning to this deponent the said sum of money so entrusted to him, converted two hundred dollars of the same to his own use and now wholly refuses to return the same to this deponent.

The defendant was arrested and brought before the Justice, and upon giving bail was released from custody, and the cause was adjourned until the 10th day of December, A. D. 1867, at 10 o'clock, A. M., at which time the pleadings were to be put in. The proceedings on the adjourned day are stated in the affidavit for appeal thus: " On the 10th day of December, A. D., 1867, at the time aforesaid, said cause was called on for trial, and the parties appeared, whereupon this deponent moved to dismiss said cause on the ground of the insufficiency of the affidavit on which said *capias ad respondendum* was issued, that said motion to dismiss said cause was overruled, whereupon the plaintiff, said Lawrence Kelly, declared in an action of trespass on the case upon all the common counts in *assumpsit*, to his damage, two hundred dollars, to which this deponent pleaded the general issue and gave notice," &c. The cause was tried before the Justice without a jury, and he rendered final judgment on an issue of fact joined between the parties to said cause, in favor of the plaintiff, for $188.55, damages and costs of suit taxed at $5.00.

The affidavit for appeal further alleged " that the said judgment is erroneous for the following cause to wit: That said Justice erred in holding and deciding on said motion to dismiss said cause, that the affidavit on which said *capias*

*ad respondendum* was founded and issued, set forth a sufficient breach of trust to authorize and warrant the issuing of said *capias ad respondendum* although no demand of or call for the money therein and hereinbefore set forth was set forth in, or expressed in said affidavit."

The return of the Justice of the special matter alleged in the affidavit states: "And as to the matter stated and set forth in the affidavit to appeal said cause hereto annexed, I do further return that defendant moved to dismiss said cause on the ground of the insufficiency of the affidavit on which the warrant was issued, and that said motion was overruled."

The Circuit Court affirmed the judgment of the Justice, and the cause now comes into this Court by writ of error.

*William Fletcher*, for plaintiff in error.

I. The affidavit on which the warrant is founded states a conclusion of law. It does not set forth the facts and circumstances within the knowledge of the person making such affidavit, constituting the grounds of the application, so as to authorize and warrant the issuing of said warrant. It simply states that plaintiff in error converted the money to his own use. It does not state that any demand was made of him for the money. *Comp. L. § 3671, (clause 3)* § *3673 ; Decker v. Bryant, 7 Barb. 182 ; Caldwell v. Colegate, 7 Barb. 253 ; Wood v. Melius, 8 Allen, 434 ; Chandler v. Nash, 5 Mich., 409; Wilson v. Arnold, et al. 5 Mich., 98; Miles v. Goffinet, 16 Mich., 472 ; Proctor v. Prout, 17 Mich., 473.*

II. The Justice who issued the warrant had no jurisdiction, inasmuch as the affidavit on which the warrant was founded, does not set forth a breach of trust, it simply alleging a conversion of, without stating that a demand was made for the money.

BROWN v. KELLEY.

*Severens & Burrows,* for defendant in error.

The first four assignments of error are founded on the supposed insufficiency of the affidavit for the warrant. The case was instituted under § 3671 of Comp. Laws, authorizing proceedings by warrant in case of breach of trust. The affidavit states that the plaintiff deposited with defendant, a certain sum of money to be returned when called for, and that the defendant has converted part of the same to his own use, and now refuses to return the same to the plaintiff.

Alleging that a bailee has converted to his own use property placed in his hands merely for safe keeping, manifestly discloses a case of breach of trust.

Although we claim that this affidavit is ample to disclose a breach of trust, yet it would be a sufficient answer to the objection to say that it contains evidence to invoke the consideration of the justice, and he having held it sufficient, the court would not weigh the the evidence to determine its adequacy. *Rosenfield v. Howard, 15 Barb. 546.* To the same effect are—*Jackson v. People, 9 Mich., 111 and 3 Mich., 612 ; 8 Mich., 424 ; 10 Mich., 9 ; 11 Mich., 353.*

But it is submitted that no question of the kind attempted to be raised by the special appeal, was available to the plaintiff in error in the court below. He appeared before the Justice, applied for and obtained an adjournment, and on the adjourned day moved to dismiss on the ground of an alleged insufficiency in the affidavit. This being a case where by statute the Justice had jurisdiction of the subject matter, and the defendant having submitted his person to the jurisdiction of the Justice, he was too late with his motion to dismiss. *Stewart v. Hill, 1 Mich., 265 ; Lewis v. Brackenridge, 1 Blackf. 112, 115.*

CAMPBELL, CH. J.

The defendant in error sued Brown before a Justice, and

commenced proceedings by swearing out a warrant for an alleged breach of trust. The affidavit set out the facts relied on in the following words,—"That heretofore, to wit: on the 17th day of September, 1866, he placed in the hands of Jacob L. Brown, the sum of three hundred dollars for safe keeping, to be kept by the said Jacob L. Brown until such time as this deponent should call for it; that the said Brown, instead of restoring to this deponent the said sum of money so entrusted to him, converted two hundred dollars of the same to his own use, and now wholly refuses to return the same to this deponent."

The warrant was issued returnable forthwith, and Brown was at once arrested, and gave bail, upon which the suit was adjourned for eight days, at the expiration of which time the cause was tried and judgment was rendered against him.

He took an appeal to the Circuit, and set up by way of special reason for appeal, that on the adjourned day, and before any pleading was in, he moved to dismiss the case for the insufficiency of the affidavit, but the motion was denied, and thereupon plaintiff declared, and issue was joined, and the trial proceeded.

The Justice in his return set forth in the first place the facts required in ordinary appeals, without mentioning the date of the arrest, appearance or pleading, and without mentioning any bail bond or adjournment. He then proceeds as follows: " And as to the matters stated and set forth in the affidavit to appeal said cause hereto annexed, I do further return that defendant moved to dismiss said cause on the ground of the insufficiency of the affidavit on which the warrant was issued, and that said motion was overruled."

It is suggested that there is nothing to authorize this objection, to be relied on upon the appeal in the Circuit Court, or in this Court, because the return does not say, in

so many words, at what precise stage of the case the motion was made.

But this objection is not well founded. The return was made in response to a special affidavit, which mentioned when this was done, and relied upon it as the only special ground of error. If it did not set forth the facts truly, and if any step had been taken before the motion, which would have interfered with the defendant's right to make it, and would have operated as a waiver, then it must be presumed the Justice would have so stated, or a further return would have been obtained by the original plaintiff. But in the absence of such a statement, it must be assumed the Justice intended to show that the motion was made when it properly might have been, and therefore whatever objection might be relied on, upon the appeal, would be admissible.

The question, therefore, arises whether giving bail upon the arrest and adjournment operated as a waiver of the right to object to the affidavit.

The warrant requires the party arrested to be brought forthwith before the Justice. And it is probably because on such summary proceeding a defendant has no time to consult and employ counsel, that the statute which contemplates immediate pleading in other cases, directs that on the return of a warrant served, the pleadings, instead of being put in at once, "shall be made within such reasonable time as the Justice shall allow for that purpose." (*2 C. L. 3713*). And before any adjournment is allowed to a defendant arrested upon warrant, he is compelled to give bond or remain in custody.

If giving this bond should be regarded as a waiver of objection to the arrest, the result must be in many cases, and in nearly all in retired districts, that a person must remain in custody, or be compelled to waive his rights. It is not conceivable that under a statute which recognized the necessity for indulgence in pleading, any such rigorous and unreasonable rule should be tolerated. The exemption

from imprisonment is now a constitutional right, and ought not to be considered as waived, unless the circumstances are such as to make it inequitable for a party to assert it. Under the old common law system, arrest was the rule. Now it is the exception.` And if courts should now apply, in courts of record, where there is always time and opportunity for obtaining professional aid, the same rules as to waiver that were formerly enforced, there is no sound reason for extending such rigor to summary arrests and proceedings before magistrates, where defendants cannot be expected to understand these technical rules, and where the Justices are much more likely than regular Judges to allow writs on insufficient affidavits. The privilege would be of very small value if it could be taken away so easily. We think the bond was no waiver.

The affidavit is clearly defective. The statute requires it to set forth the facts and circumstances within the knowledge of the person making the affidavit, constituting the grounds of the application. There is not a single fact or circumstance alleged here within the plaintiff's knowledge, tending to make out a case. The oath is to a mere conclusion of law. It does not show when or where or by whom any demand was made, or even that any demand was made at all upon Brown, or how he met the demand if made. The necessity of such a showing is made more apparent in this case, when the plaintiff showed the facts and circumstances on the trial negativing the truth of his conclusions. The facts to be stated in the affidavit must be given in the same way as on the stand, by a distinct averment of each fact upon knowledge, and the facts must be such as in law tend to make out the cause of complaint. It is not for the party to draw his own inferences. · He must state matters which would justify others in drawing them. The rules heretofore laid down in this court, have always required the facts themselves to appear upon knowledge. No other rule would preserve the consti-

tutional right against warrants not based on probable cause, supported by oath or affirmation. *Const. Art. 6, § 26. Proctor v. Prout, 17 Mich., 473.*

The judgment must be reversed with costs.

The other Justices concurred.