## WILLIAM DeLONG v. EMORY R. BRIGGS.

*Affidavit for warrant of arrest.*

The constitutional prohibition against the issue of any warrant for arrest "without probable cause supported by oath or affirmation" makes it needful to set forth in the affidavit for the warrant the facts which support the belief that probable cause exists.

A justice's warrant for arrest for trespass cannot issue on an affidavit which sets forth merely that affiant "has, as he has good reason to believe, a just cause of action against [defendant, etc.] against whom he applies for process by warrant for trespass committed by said [defendant] upon lands owned by this deponent, said lands being," &c.

Error to Van Buren.  Submitted Jan. 20.  Decided Jan. 25.

TRESPASS.   Defendant brings error.   Reversed.

*Alfred J. Mills* and *O. N. Hilton* for plaintiff in error.

*Annable & Fitch* for defendant in error.

CAMPBELL, J. Briggs sued DeLong in trespass before a justice of the peace and procured his arrest upon warrant issued under an affidavit which, so far as is material, was of this tenor: "That he has, as he has good reason to believe, a just cause of action against William DeLong, of the township of Paw Paw, in said county, against whom he applies for process by warrant for trespass committed by said William DeLong, upon lands owned by this deponent, said lands being," etc.

On being brought before the justice DeLong appeared specially and moved to quash the proceedings for the lack of any legally sufficient showing to authorize the writ. The motion being denied he refused to plead, and judgment being rendered against him he took the case by *certiorari* to the circuit court where the judgment was affirmed.

The Constitution of this State declares that no warrant shall issue to arrest any person "without probable cause supported by oath or affirmation." This requires facts to be set out, and mere belief without some showing as to its foundation is insufficient. *Proctor v. Prout* 17 Mich. 473; *Brown v. Kelley* 20 Mich. 27.

We cannot construe the Justices' Act as intended to dispense with any requirement of the Constitution, which must always be complied with; and without such compliance an arrest is not to be resorted to.

In the present case the affidavit does not even follow the literal requirement of the statute, and does not state even a belief that DeLong has "committed a trespass." Nothing is positively sworn to but a belief that plaintiff below had "a just cause of action against DeLong," without giving its foundation at all. But the other deficiency being so much more serious, we need not dwell on this.

The judgment of the circuit and justice's courts must be reversed with costs of all the courts.

The other Justices concurred.