## MARTIN MEDDAUGH v. JOHN B. WILLIAMS AND JONATHAN D. WRIGHT.

*Trespass— Warrant for arrest—Probable cause—Reasonable time for pleading—Amendments.*

A warrant for arrest for trespass can only issue on a showing under oath of probable cause. And an affidavit that the plaintiff has good reason to believe the defendant has committed a trespass on plaintiff's lands is no showing of cause.

A party arrested and brought before a justice on a civil warrant, has a right to a reasonable time for pleading. If the justice requires him to plead immediately, and he pleads the general issue and the case is then adjourned, he is entitled of right to amend his pleadings and put in any justification he may have on the adjourned day.

In this case the defendants were arrested on a warrant issued upon an affidavit which was fatally defective. They were required to plead immediately and did so. On the adjourned day they asked leave to amend by giving notice of justification under an execution. The justice refused leave, unless they would consent to an adjournment to accommodate the plaintiff, which they declined to do. *Held*, that under the circumstances they should have been permitted to amend without conditions.

Error to Eaton. Submitted Apr. 11. Decided Apr. 19.

TRESPASS. Plaintiff brings error. Affirmed.

*Foote & Scott* and *John M. Corbin* for appellant.

*Cobb & Ely* for appellees.

COOLEY, J. The plaintiff on an affidavit that "he has, as he has good reason to believe, a just cause of action against John Williams and Jonathan D. Wright in said county, against whom he applies for process by warrant for wrongfully trespassing on the north 60 acres of the northeast quarter of section two, range four north, six west, to the damage of one hundred dollars or under," obtained a warrant from a justice of the peace on which the defendants were arrested. On being brought before the justice the defendants were required to plead immediately, and they did plead the general issue, and the suit was then adjourned.

On the day to which the suit was adjourned the parties appeared with counsel and the defendants made a motion to quash, which was overruled. The plaintiff then moved for a continuance, which was also overruled. The defendants then asked leave to amend by giving notice under the general issue, that the supposed trespass was lawfully committed in the service of an execution issued on a judgment rendered against one Pratt and placed in the hands of defendant Williams, who was a deputy of the sheriff of the county, for service. The justice refused leave unless the defendants

would consent to an adjournment, which they declined to do. The case therefore proceeded to trial, and the plaintiff had judgment which was reversed on *certiorari*. The plaintiff now brings the case to this court by writ of error.

The circuit court is supposed to have reversed the judgment upon the ground that the defendants were of right entitled to give notice of justification under the execution; and the plaintiff insists that this is an error; that they could give the notice by favor only, and that they put themselves in the wrong when they refused to consent to the condition the justice imposed. But there were errors preceding that action. In the first place the affidavit on which the warrant issued was fatally defective, in that it failed to show "probable cause" on oath. Const. Art. vi § 26. "Good reason to believe" is not probable cause; but facts must be sworn to. *DeLong v. Briggs* 47 Mich. 624. In the second place the justice should not have required the defendants to plead immediately on their being brought before him, but should have allowed them a "reasonable time" to consult counsel and put their defense in proper form. Comp. L. § 5309. The injustice of requiring an immediate plea in this case is manifest; for it not only gave the justice jurisdiction of the persons of the defendants which otherwise he would not have had, but at the same time it cut them off from their justification. Under the circumstances we think the circuit court was correct in holding that the defendants were entitled of right to put in amended pleadings on the adjourned day; the first plea having been put in under compulsion. It may be that the defendants should have consented to an adjournment; though why the justice should have required their assent when he might, on plaintiff's motion, have granted it without, we do not understand. But as the defendants had been brought into court on a wrongful arrest, we are not inclined to criticise with severity an ungracious act on their part, or to deprive them of rights because of it.

The judgment of the circuit must stand affirmed with costs.

The other Justices concurred.