THOMAS J. SHERIDAN ET AL. v. EDMUND S. BRIGGS.

*Affidavit for capias ad respondendum.*

1. An affidavit for a capias ad respondendum, or for any writ that will deprive one of his liberty, must set forth in detail the facts and circumstances on which it rests, and not merely inferences and conclusions from such facts; and the facts must be within deponent's personal knowledge.

2. An affidavit to hold to bail must be of the same legal quality, as evidence, as would be required at the trial to establish the facts relied on as the ground of arrest.

3. Statements in an affidavit for a capias ad respondendum that defendant, when he made certain representations as to his financial condition was not worth enough to pay his debts and was insolvent and held his property subject to mortgages which, as deponent believed, would be the full value of his property, are too indefinite to amount to legal proof.

Error to Kalamazoo.　(Mills, J.)　April 24.—April 30.

CASE.　Plaintiffs bring error.　Affirmed.

*Harvey Joslin* for appellants, as to the sufficiency of the allegations in the affidavit for a capias, cited 2 Whart. Cr. L. § 2118; 2 Bish. Cr. L. § 404; *People v. Haynes* 11 Wend. 557; *Thomas v. People* 34 N. Y. 351; *Com. v. Davidson* 1 Cush. 33; *Com. v. Drew* 19 Pick. 184; *People v. Clark* 10 Mich. 310; *People v. Winslow* 39 Mich. 505; *Higler v. People* 44 Mich. 299.

*Howard & Roos* for appellee cited *Proctor v. Prout* 17 Mich. 473; *Enders v. People* 20 Mich. 240; *Hackett v. Wayne Circuit Judge* 36 Mich. 334; *Com. v. Strain* 10 Met. 521.

CHAMPLIN, J.　The writ of error in this case brings up for review an order made by the circuit court for the county of Kalamazoo, quashing a writ of capias ad respondendum which had been issued in the cause, and upon which the defendant had been arrested and held to bail, for the reason that the affidavit upon which the order to hold to bail was based was insufficient to authorize defendant's arrest.　The affidavit appears in the margin.[1]

---

[1] *State of Michigan, County of Kent—ss:*　Thomas J. Sheridan, of the township of Nelson, county of Kent, and State of Michigan, being duly sworn, deposes and says that he is a member of the firm of T. J. Sheridan & Co.; that said firm is composed of himself and Caroline A. Sheridan, and that said firm is now, and for four years prior to this date has been, doing business and still is doing business in said Kent county, under the firm name and style of T. J. Sheridan & Co.; that he makes this affidavit as well in behalf of said Caroline A. Sheridan as of this deponent, and that he is personally acquainted with and cognizant of the facts stated and set forth in this affidavit.　And this deponent further says that said firm is about to commence an action of trespass on the case in the circuit court for the county of Kalamazoo, in said State, against Edmund S. Briggs, of said county, for fraud committed by him as hereinafter set forth.　And this deponent further says that heretofore, to wit, on or about the 20th day of April, A. D. 1883, in the township of Nelson, in said county of Kent, the said Edmund S. Briggs, of said county of Kalamazoo, and State of Michigan, with intent to cheat and defraud the said Thomas J. Sheridan and Caroline A. Sheridan, co-partners as aforesaid, and to obtain fraudulently from them a large quantity of shingles, to wit, eighty thousand shingles, did then and there falsely represent and pretend to said T. J. Sheridan & Co. that he, the said Briggs, was worth from fifteen thousand to twenty thousand dollars in property, which was then free and clear of incumbrances; that he was then the owner of a grist-mill and planing-mill, situated at Vicksburg, in said county of Kal-

The question raised has been under review in this Court in the following cases: *Proctor v. Prout* 17 Mich. 473; *Enders v. People* 20 Mich. 233; *Hackett v. Judge of Wayne Circuit* 36 Mich. 334; *Swart v. Kimball* 43 Mich. 451; *People v. Heffron* ante, p. 527.

The principle deducible from these cases is that an affidavit which is used as the basis of a writ which will deprive a person of his liberty, must not only set forth the facts and circumstances in detail, and not conclusions or inferences from facts, but they must be facts within the personal knowledge of the deponent.

Applying these principles to the affidavit in question, it appears to be defective in that portion which contradicts the alleged representations; their falsity does not appear to be alleged upon the personal knowledge of the deponent, and the statements respecting the falsity of the representations are too indefinite to possess the quality of legal proof. If the deponent was called to the witness stand for the purpose of proving the falsity of the representations, it would not be competent for him to testify in the general loose and vague manner contained in his affidavit. Such testimony would not be admissible to establish the fact that the repre-

---

amazoo and State of Michigan, and that the same was then free and clear of incumbrances, and that he, the said Briggs, paid his debts and obligations as they came due, which said foregoing statements and representations were false, and were well known by said Briggs to be false, and were then and there made by the said Edmund S. Briggs as aforesaid, for the purpose of obtaining possession of the shingles aforesaid, and cheating and defrauding said T. J. Sheridan & Co. out of the same. And the said T. J. Sheridan & Co., believing the said false pretenses and representations so made as aforesaid by the said Briggs to the said T. J. Sheridan & Co. to be true, and relying upon the same as true, were then deceived thereby, and were then and there induced, by means of said false pretenses and representations so made as aforesaid by the said Briggs, as aforesaid, to deliver, and did then and there deliver, to said Briggs said eighty thousand shingles at said township of Nelson, in said county of Kent, of the value of two hundred and sixty dollars of the goods and chattels of the said T. J. Sheridan & Co., and the said Briggs then and there received the same into his possession and took them away. And at the time of purchasing said shingles aforesaid, he, the said Briggs faithfully promised the said T. J. Sheridan & Co. that he would pay them for the said shingles the sum of two hundred and sixty dollars, and interest thereon, sixty days after date.

Whereas, in truth and in fact, the said Briggs was not worth, at the time of making such representations as aforesaid, money enough to pay his indebtedness, and was then and there in fact insolvent, and did not

sentations made were false. The affidavit upon which a person is held to bail must be of the same legal quality, as evidence, as would be required at the trial to establish the facts set up or relied on for cause of arrest.

The authorities referred to in plaintiff's brief apply to cases of pleadings, and not to affidavits or examinations which form the basis of a writ or warrant to arrest or imprison a person. What would be quite sufficient in a pleading, would, in most instances, be entirely insufficient in an affidavit to hold to bail. The reason is obvious. In pleading, the evidence is not required to be set forth. But no arrest can be made except upon sworn evidence of facts.

The order appealed from is affirmed.

The other Justices concurred.

---

then own the grist-mill and planing-mill at Vicksburg aforesaid, free and clear of incumbrances; but held the same subject to certain real estate mortgages of six thousand dollars, which would be, as this deponent believes, the full value of said property, and said Briggs did not pay his debts and obligations when due, but on the contrary he then owed large sums of money, and then had past-due obligations which were wholly uncollectible, and that the said Briggs has not paid said T. J. Sheridan & Co. for said shingles, or any part thereof, but has neglected and refused so to do, and now justly owes said T. J. Sheridan & Co. for said shingles the sum of two hundred and sixty dollars, and interest thereon, to the great wrong of the said T. J. Sheridan & Co.

And this deponent further says that he verily believes that upon the aforesaid facts said T. J. Sheridan & Co. have a good cause of action against the said Edmund S. Briggs in an action of trespass on the case, and claim damages in the sum of five hundred dollars; and that the judgment that the said T. J. Sheridan & Co. will be entitled to recover against the said Edmund S. Briggs will be lost unless a capias ad respondendum issue against him, and that he be held to bail according to law.

THOMAS J. SHERIDAN.

Subscribed and sworn to the eleventh }
 day of October, 1883, before me. }
   FRANK F. KUTTS,
      Notary Public in and for Kent County, Michigan.