GRAHAM v. CASS CIRCUIT JUDGE.

1. LIBEL AND SLANDER—CRIMINAL COMPLAINT—PRIVILEGE.
   A complaint for larceny, made before a justice of the peace, is privileged, and cannot be made the basis of an action for libel.

2. SAME—AFFIDAVIT TO HOLD TO BAIL—SUFFICIENCY.
   An affidavit to hold to bail in an action for libel, after setting forth, as the libel complained of, the making by the defendant of a complaint before a justice of the peace charging the plaintiff with larceny, contained the further averment that the defendant afterwards, in divers places in a designated village, and to divers people, repeated the same slanderous words and charges. *Held*, that, if this latter averment was intended to cover an action for slander, it was not sufficient, being too indefinite, and not purporting to be based upon the personal knowledge of the affiant.

3. SAME—GENERAL APPEARANCE—WAIVER.
   The attorneys for the defendant in a suit for libel, after putting in and perfecting special bail and entering the appearance of the defendant, moved to quash and dismiss the proceedings, upon the ground that the affidavit to hold to bail conferred no jurisdiction upon the court to issue the writ or make an order to hold to bail. *Held*, that the general appearance waived all defects as to the right to maintain the suit for damages, and that the motion was properly denied.

*Mandamus* by William Graham to compel Orville W. Coolidge, circuit judge of Cass county, to quash the proceedings in a libel suit commenced by *capias*. Submitted January 28, 1896. Writ denied February 26, 1896.

One Nelson J. Crosby made an affidavit for a *capias ad respondendum*, charging the relator with libel. An order for bail was indorsed upon the affidavit. The relator was arrested, and gave a bond conditioned that he would appear in the action by putting in special bail. The relator furnished a special bail bond, and caused his appearance to be entered by his attorneys. The plain-

tiff filed exceptions to the special bail bond. After-
wards the relator, through his attorneys, moved to quash
and dismiss the proceedings upon the ground that the
affidavit conferred no jurisdiction upon the court to
issue the writ, or make an order to hold to bail. The
motion was denied, and the object of this application
is to compel the circuit judge to grant the order.

*Howell & Carr*, for relator.

*Charles E. Sweet* and *Spafford Tryon*, for respondent.

Grant, J. (*after stating the facts*).  1. The libel com-
plained of consists of a complaint made by the defendant
before a justice of the peace, charging Mr. Crosby with
larceny of property of the value of $30. The complaint
was privileged, and cannot be made the basis of an
action of libel.    *Hart* v. *Baxter*, 47 Mich. 198, and
authorities there cited.  ·

It is, however, insisted that the affidavit is good be-
cause the defendant is therein charged "to have repeated
the same slanderous words and charges in divers places in
said village of Cassopolis, and to divers people." It is
evident that the gravamen of the charge is the complaint
made before the justice. If the residue of the language of
the affidavit is intended to cover an action for slander, it is
not sufficient, under the decisions of this court, to justify
an order to hold to bail or to imprison. It is too indefinite,
and does not purport to be based upon a personal knowl-
edge of the utterances charged upon the defendant. ·
*Johnson* v. *Morton*, 94 Mich. 1; *People* v. *McAllister*, 19
Mich. 215; *Hackett* v. *Wayne Circuit Judge*, 36 Mich.
334; *Sheridan* v. *Briggs*, 53 Mich. 569.

2. The court had jurisdiction of the subject-matter, and
it is a universal rule that a general appearance waives
defects, and gives jurisdiction over the person. *Stephen-
son's Case*, 32 Mich. 60, does not apply. He was im-
prisoned after the writ, and applied for his release by
*habeas corpus*. The question was one of jurisdiction to

imprison, and not one of jurisdiction of the subject-matter. The imprisonment might be unlawful, and still the suit for damages be sustained.   If this were a motion to discharge the bail bond, that case would apply.   The general appearance waives all defects as to the right to maintain the suit for damages.   Whatever defects may be found in subsequent proceedings must be taken advantage of upon the pleadings.   2 Enc. Pl. & Prac. 639, and authorities there cited; *Wright* v. *Jeffrey*, 5 Cow. 15; *Pixley* v. *Winchell*, 7 Cow. 366; *Stewart* v. *Hill*, 1 Mich. 265; *Wiest* v. *Luyendyk*, 73 Mich. 661.

The writ must be denied.

The other Justices concurred.