SHAW *v.* ASHFORD.

ARREST—CAPIAS AD RESPONDENDUM—SUFFICIENCY OF AFFIDAVIT.
    An affidavit by an agent and attorney of the owner for a
    writ of *capias ad respondendum* for the unlawful cutting
    of timber must show that the facts stated as to the trespass
    being without the consent of the owner are within the per-
    sonal knowledge of deponent, or must set forth in detail the
    facts and circumstances which are the basis of his con-
    clusions.

Error to Ogemaw; Sharpe, J. Submitted June 12,
1896. Decided July 31, 1896.

Trespass by Humphrey Shaw against Charles N. Ash-
ford, commenced by *capias ad respondendum*. From
an order dismissing the writ, plaintiff brings error.
Affirmed.

*F. L. Snodgrass*, for appellant.

*W. A. Weeks*, for appellee.

MOORE, J. Defendant was arrested upon a *capias ad
respondendum* issued upon an affidavit reading as follows:

AFFIDAVIT FOR CAPIAS.

"STATE OF MICHIGAN, ⎞ ss.
County of Ogemaw.  ⎠

    "George K. Newcombe, being duly sworn, on his oath
says that he is agent and attorney for Humphrey Shaw,
of the city of Saginaw, in said State, and makes this affi-
davit in his behalf. Deponent further says that on or
about the 1st day of May, 1894, and on divers other days
and times since that day, at the township of Horton,
in said county, one Charles N. Ashford, of said township,
with force and arms, and contrary to the provisions of
section 1 of chapter 198 of the Compiled Laws of 1871,

being section 7957 of 2 How. Stat., entitled 'Trespasses on Lands,' did enter upon certain lands there situate, to wit, the south half of the northwest quarter of section 30, in township 21 north, of range 2 east, belonging to and in the possession of said Humphrey Shaw, and with like force and arms, and against the said statute, and without the leave and consent of said Shaw, and without color of title, then and there did cut down a large number, to wit, 200 or more, standing hemlock trees, of the value of $100, and a large number, to wit, 100 or more, standing basswood trees, of the value of $100, and with like force and arms, and against the said statute, and without the leave and consent of said Shaw, the owner thereof, a large quantity, to wit, 150 cords, of hemlock bark, of the value of $150, and a large quantity, to wit, 100 cords, of basswood bolts, of the value of $100, did carry off and convert to his own use, and other great injury to the said land, and to the trees and timber standing thereon, then and there did; whereby, and by force of the said statute, the said Charles N. Ashford has forfeited to the said Humphrey Shaw, owner of said land, three times the amount of damages so sustained by him, the said Shaw, on account of the premises aforesaid. And, for other complaint, further says that on, to wit, the 1st day of May, 1894, and on divers other days and times from that day hitherto, at the township of Horton, in the county aforesaid, said Charles N. Ashford, with force and arms, did enter upon certain lands of him, the said Humphrey Shaw, there situate and described as aforesaid, and then and there did cut down, prostrate, and destroy certain trees and timber standing and growing thereon, to wit, 200 or more hemlock trees, of the value of $100, and 100 or more basswood trees, of the value of $100, and the bark of said hemlock trees, by him then and there peeled and stripped, and the bolts and merchantable products of said basswood trees and other trees and timber, by him then and there cut, manufactured, and made, of great value, to wit, of the value of $250, then and there did carry away, convert, and dispose of to his own use.

"GEORGE K. NEWCOMBE.

"Subscribed and sworn to before me, this 21st day of February, A. D. 1896.

"CLYDE B. STOCKEN,
"Notary Public, Ogemaw Co., Mich."

Upon motion, the writ was dismissed, because the affidavit did not appear to be made upon the personal knowledge of the deponent, and because it was insufficient to authorize defendant's arrest.    The plaintiff appeals.

There is no suggestion in the affidavit that the facts stated as to the trespass being without the leave and consent of Shaw are within the personal knowledge of the deponent.    Nor does it set forth the facts and circumstances in detail which are the basis of the conclusions of the deponent.    The case comes clearly within a long line of decisions: *Proctor* v. *Prout*, 17 Mich. 472; *Brown* v. *Kelley*, 20 Mich. 27; *De Long* v. *Briggs*, 47 Mich. 624; *Sheridan* v. *Briggs*, 53 Mich. 569; *Stensrud* v. *Delamater*, 56 Mich. 144; *Marble* v. *Curran*, 63 Mich. 283; *Hart* v. *Grant*, 8 S. D. 248.

Judgment is affirmed.

The other Justices concurred.