NORTHROP *v*. IONIA CIRCUIT JUDGE.

ARREST—CAPIAS—SUFFICIENCY OF AFFIDAVIT.

Where the allegations of an affidavit for a *capias ad responden-dum* were indefinite and uncertain in character, and were not made on the personal knowledge of the affiant, the writ was properly quashed.

*Mandamus* by Charles M. Northrop to compel George P. Stone, acting circuit judge of Ionia county, to vacate an order quashing a writ of *capias ad respondendum*. Submitted April 12, 1901.   Writ denied October 8, 1901.

*N. O. Griswold* and *C. L. Rarden*, for relator.

*A. A. Ellis* (*Allen B. Morse*, of counsel), for respondent.

MOORE, J.   This is an application for a writ of *mandamus* to compel the respondent to vacate an order quashing a writ of *capias* obtained by relator against Fred Cutler, Jr., and others.   The affidavits upon which the writ was based cover 16 pages of legal-cap paper.   The circuit judge returns that he made the order quashing the writ for the following among other reasons:

" Because the material allegations contained in the affidavit to hold to bail were not made upon the personal knowledge of the affiant.

" That the proceedings were against eight individuals, and said affidavit does not purport to set out what was said by any of them, or who their agent was, and is too indefinite, uncertain, and general to deprive any citizen of his liberty.

" That the plaintiff in said action, in the affidavit concerning Erastus T. Yeomans, etc., does not claim or pretend that he had any personal knowlege of the falsity of the statements; neither does he state who the party was that made such representations.   *   *   *

" That many of the matters set forth concerning the financial responsibility of the corporation were matters which could not be within the personal knowledge of the affiant, and he did not state his source of information, or set forth any facts from which the court could decide as to the value of his opinion.   *   *   *

" The affiant did not state in his affidavits attached to said writ, as required by statute, that he had a claim for damages against the defendants for the cause of action stated in the writ, and upon which he believed that he was entitled to recover a certain sum, being more than $100; and this respondent was unable to find, without knowing the contents of the contract and the authority of the corporation, whether or not the plaintiff really had a claim against the defendants for more than $100, or for any sum whatever.   *   *   *

" The allegations of fact as to statements made are not only indefinite and uncertain, but the falsity of any of the statements does not appear to be alleged upon the personal knowledge of the deponent, and the falsity of the representations is too indefinite as to facts and circumstances to possess the quality of legal proof.

" It appears that all the statements concerning the financial responsibility of the corporation, the right of the corporation to make a contract, the legal validity of the contract, and the effect of the by-laws, are simply conclusions of the plaintiff, without any statement of facts on which the court could determine as to their legal value."

A case like the present one is not likely to occur again, so this case is not likely to be a precedent. We therefore deem it unnecessary to quote the affidavits, or to argue the case at length, but will content ourselves with saying we think the circuit judge was justified in quashing the writ for the reasons stated by him.   See *Proctor* v. *Prout*, 17 Mich. 473; *Brown* v. *Kelley*, 20 Mich. 33; *De Long* v. *Briggs*, 47 Mich. 624 (11 N. W. 412); *Sheridan* v. *Briggs*, 53 Mich. 569 (19 N. W. 189); *Stensrud* v. *Delamater*, 56 Mich. 147 (22 N. W. 272); *Graham* v. *Cass Circuit Judge*, 108 Mich. 425 (66 N. W. 348); *Shaw* v. *Ashford*, 110 Mich. 534 (68 N. W. 281).

The application for the writ is denied.

The other Justices concurred.