CHURCH v. CALHOUN CIRCUIT JUDGE.

ARREST—CAPIAS—MALPRACTICE—SUFFICIENCY OF AFFIDAVIT.
  The affidavit for a *capias ad respondendum* must contain allegations as to which the affiant could testify on the trial. Hence, an affidavit by the plaintiff, charging defendant with negligently performing a surgical operation on plaintiff's wife, thereby causing her death, but containing nothing to indicate that plaintiff is possessed of the knowledge of a medical expert, so as to be competent to express an intelligent opinion on the questions relating to the charge of negligence, is insufficient to support the writ.

*Mandamus* by William B. Church to compel Herbert E. Winsor, circuit judge of Calhoun county, to quash a writ of *capias ad respondendum.* Submitted October 29, 1901. Writ granted December 21, 1901.  ·

*John C. Patterson* ( *Miller & Miller,* of counsel), for relator.

*J. M. Powers* and *W. S. Powers,* for respondent.

HOOKER, J.  The relator was arrested upon a *capias ad respondendum.* The affidavit charges him with negligently performing a surgical operation upon the person of plaintiff's wife, thereby causing her death. The affidavit is made by the plaintiff, and contains nothing indicating that he is possessed of the knowledge of a medical expert, whereby he would be able to form, and competent to express, an intelligent opinion upon the questions relating to the charge of negligence. A motion to quash the writ was based upon this and other grounds.

Were plaintiff offered, upon a trial of the cause, as a witness to prove the charge, his opinion as to the defendant's negligence would not be admissible. He would be competent to testify as to what the defendant did, or omitted to do; but whether what he did, or omitted, con-

stituted negligence or unskillfulness, and whether the wife's death was a consequence or not, would necessarily depend upon the evidence of persons shown to possess technical knowledge. We understand that the affidavit for a *capias* must contain allegations which could be testified to by the affiant upon the trial, and that, if incompetent to testify to necessary facts upon the trial, the statement of such facts in the affidavit is insufficient, and fails to make a *prima facie* case, authorizing an order to hold to bail. *Sheridan* v. *Briggs*, 53 Mich. 569 (19 N. W. 189); *Graham* v. *Cass Circuit Judge*, 108 Mich. 425 (66 N. W. 348); *Shaw* v. *Ashford*, 110 Mich. 534 (68 N. W. 281). As in any other case where the affiant has not the requisite personal knowledge, a supplemental affidavit, by a person *prima facie* competent, was necessary. *Badger* v. *Reade*, 39 Mich. 771; *Mayo* v. *Wright*, 63 Mich. 40 (29 N. W. 832); *Spaulding* v. *Bliss*, 83 Mich. 311 (47 N. W. 210).

We are of the opinion that the motion should have been granted. The writ will issue.

The other Justices concurred.