PEOPLE *v.* EFFELBERG.

1. SEARCHES AND SEIZURES—AFFIDAVITS—INFORMATION AND BELIEF INSUFFICIENT.

A complaint for the issuance of a search warrant is insufficient if made on information and belief.

2. SAME—FACTS MUST BE SET FORTH IN AFFIDAVIT—CONCLUSIONS OF AFFIANT INSUFFICIENT.

An affidavit for a search warrant which set forth mere conclusions of affiant, and failed to state facts and circumstances within his knowledge from which the magistrate could find probable cause was insufficient, and the search warrant issued thereunder was void.

3. INTOXICATING LIQUORS — CRIMINAL LAW—EVIDENCE — ADMISSIBILITY—DISCHARGE.

In a prosecution for violation of the prohibition law, where the only evidence of the commission of the offense was secured by an illegal search warrant, defendant's motion to quash the information and for his discharge should have been granted.

Exceptions before judgment from Grand Traverse; Mayne (Frederick W.), J.    Submitted October 12, 1922.    (Docket No. 150.)    Decided December 5, 1922.

George Effelberg was convicted of violating the liquor law.    Reversed, and defendant discharged.

*J. J. Tweddle,* for appellant.

*Merlin Wiley,* Attorney General, and *J. O. Duncan,* Prosecuting Attorney, for the people.

CLARK, J.    Defendant was convicted of a violation of the prohibition law.    The evidence was procured by virtue of a search warrant.    The case is here on exceptions before sentence.    Defendant made a motion

On sufficiency of showing of probable cause in issuance of search warrant, see notes in 3 A. L. R. 1517, and 13 A. L. R. 1318.

to quash the information and for his discharge principally on the ground that no probable cause was shown for issuance of the search warrant. The motion was denied. By subsequent motions, requests, objections and exceptions defendant has preserved the questions for review.

The complaint for the search warrant and upon which the magistrate determined probable cause reads as follows:

"State of Michigan,       } ss:
"County of Grand Traverse }

"The affidavit and complaint on oath and in writing of Charles E. Taylor, of the city of Traverse City, said county and State, taken and made before me, Charles H. Hanslovsky, a justice of the peace of the city of Traverse City in said county, upon the 14th day of February, A. D. 1922, who, being by me duly sworn, says that on the basement, ground floor, upstairs, hall ways, stairways, outbuildings and outhouses numbered as southwest of corner of Garfield and Hannah streets of Traverse City, county of Grand Traverse, State of Michigan, which said premises are occupied by one George Effelberg as a public place where liquors are manufactured and furnished and possessed and not as a drug store nor a private dwelling house occupied as such, the said George Effelberg not being a licensed and registered druggist or pharmacist engaged in selling intoxicating liquors under and in compliance with the requirements and restrictions imposed upon licensed and registered druggists and pharmacists by the general laws of the State of Michigan and by Act No. 338 of the Public Acts of Michigan of 1917, certain vinous, malt, brewed, fermented, spirituous and intoxicating liquors, to-wit: Wine, whisky and mixed liquors containing large quantities of alcohol, still, barrels, jugs, bottles, pails, casks, mash, grain, are being manufactured and possessed for the purpose of being sold, furnished or given away as a beverage, contrary to the provisions of Act No. 338 of the Public Acts of the State of Michigan for the year 1917, as amended; and that he, the said

220—Mich.—34.

affiant, believes and has good cause to believe that such liquor is now there concealed upon the premises above described; and that there are also now concealed on said premises there certain implements and furniture used and kept for such illegal keeping, selling, furnishing, giving away, and storing of such liquors, to wit: Whisky, wine and mixed intoxicating liquors and alcohol, and that the grounds of his said belief are as follows: That numerous persons frequent the said building at various times of night and daytime unlawfully and persons are said to receive intoxicating liquors at said place and that intoxicating liquors are sold there and given away unlawfully.

"Wherefore, the said Charles E. Taylor prays for the issue of a warrant to any officer having power to serve criminal process, according to the statute in such case made and provided; commanding him to search the premises described and if such liquors are there found, to seize the same with the vessels in which they are contained and all the implements and furniture above described and them safely keep and to make immediate return on said warrant.

                         (Signed) "CHARLES E. TAYLOR.

"Taken, subscribed and sworn to before me the day and year first above written.

                         (Signed) "CHARLES H. HANSLOVSKY,
                                      "Justice of the Peace,
                                          "Grand Traverse County,
                                                Mich."

Article 2, § 10, of the Constitution provides:

"The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation."

The statute is section 25 of Act No. 99, Pub. Acts 1921, and sections 26 and 27, Act No. 338, Pub. Acts 1917.

It is well settled that a complaint is not sufficient if made on information and belief. 24 R. C. L. p. 708; 16 C. J. p. 292; *People* v. *Heffron,* 53 Mich. 527;

*People* v. *De La Mater*, 213 Mich. 167; *People* v. *Mayhew*, 214 Mich. 153. With the statement of belief the facts and circumstances which induced such belief should also be set forth. Rejecting the parts of the complaint avowedly stated on information and belief, there remain the following:

"Which said premises are occupied by one George Effelberg as a public place where liquors are manufactured and furnished and possessed. * * *

"Wine, whisky, etc., * * * are being manufactured and possessed for the purpose of being sold, furnished or given away as a beverage, contrary to the provisions of Act No. 338 of the Public Acts of the State of Michigan for the year 1917, as amended. * * *

"Numerous persons frequent the said building at various times of night and daytime unlawfully. * * *

"That intoxicating liquors are sold there and given away unlawfully."

In each of the statements just above quoted, the affiant attempts to find and determine the ultimate fact that a violation of the law had been committed. It was not for him but for the magistrate to determine whether there was probable cause to justify issuing the search warrant. His statements are his conclusions and have no more force than if expressly stated on information and belief. Affiant should have stated to the magistrate on oath or affirmation the facts and circumstances, if any were known to him, which induced the beliefs and the conclusions stated. The complaint recites no fact or circumstance upon the knowledge of the affiant to justify a finding of probable cause.

It is said in Tiffany's Criminal Law (How. 4th Ed.), p. 355, quoted with approval in *People* v. *De La Mater*, *supra*:

"The facts and circumstances which induce the complainant's belief must be set forth, and those facts and circumstances must be sufficient to make it appear that

there is probable cause for such belief and for making the search.

"And the magistrate must be satisfied and determine from the facts and circumstances set forth and sworn to, that there is reasonable cause for such belief."

What constitutes "facts and circumstances" was passed upon in *Brown* v. *Kelley,* 20 Mich. 27, where a statute required a statement of facts and circumstances in an affidavit for a warrant in an action of trespass on the case. The affidavit stated in part:

"He applies for process by warrant for a breach of trust in converting and disposing of the money of this deponent to the amount of two hundred dollars; and this deponent further says, that heretofore, to wit, on the 17th day of September, A. D. 1866, he placed in the hands of Jacob L. Brown, the sum of three hundred dollars for safe keeping, to be kept by the said Jacob L. Brown until such time as this deponent should call for it; that the said Brown instead of returning to this deponent the said sum of money so entrusted to him, converted two hundred dollars of the same to his own use and now wholly refuses to return the same to this deponent."

Of such affidavit it was said:

"The affidavit is clearly defective. The statute requires it to set forth the facts and circumstances within the knowledge of the person making the affidavit, constituting the grounds of the application. There is not a single fact or circumstance alleged here within the plaintiff's knowledge, tending to make out a case. The oath is to a mere conclusion of law. * * * The facts to be stated in the affidavit must be given in the same way as on the stand, by a distinct averment of each fact upon knowledge, and the facts must be such as in law tend to make out the cause of complaint. It is not for the party to draw his own inferences. He must state matters which would justify others in drawing them."

This language was quoted and approved in *Conrad*

v. *Van Buren Circuit Judge,* 144 Mich. 492, an instructive case upon this question, wherein an affidavit to seize the person on writ of *capias ad respondendum* is quoted at length and held insufficient. The court, after stating the constitutional provision above quoted, holds:

"While it is not essential that it should be stated in the affidavit in so many words that the facts relied upon are within the personal knowledge of the affiant, it is essential that facts and not conclusions should be stated, which are necessarily, or, at least, apparently, within the knowledge of the affiant,"

and quotes approvingly from *Sheridan* v. *Briggs,* 53 Mich. 569:

"The principle deducible from these cases is that an affidavit which is used as the basis of a writ which will deprive a person of his liberty, must not only set forth the facts and circumstances in detail, and not conclusions or inferences from facts, but they must be facts within the personal knowledge of the deponent."

And see *Robinson* v. *Branch Circuit Judge,* 142 Mich. 70; *Church* v. *Calhoun Circuit Judge,* 129 Mich. 126; *Northrop* v. *Ionia Circuit Judge,* 128 Mich. 415. We quote with approval from the syllabus of *United States* v. *Kelih,* 272 Fed. 484:

"An affidavit for a search warrant, alleging that a violation of the National prohibition act had been committed, and that affiant had reason to believe there were illegally manufactured liquors and an illicit still concealed on certain premises, was insufficient, as the witness attempted to find the ultimate fact that a violation of the law had been committed, and stated nothing warranting the judicial officer issuing the warrant in finding such fact.

"Under Const. Amend. 4, a search warrant should not be issued, unless the judge has been furnished with facts under oath which, when the law is properly applied to them, tend to establish the necessary legal conclusions, or facts which, when the law is properly

applied to them, tend to establish probable cause for belief that the legal conclusion is right.

"Under Const. Amend. 4, providing that search warrants shall not be issued but upon probable cause, supported by oath or affirmation, the finding of probable cause from the exhibited facts or the legal conclusion justifying the warrant is a judicial function, and cannot be delegated by the judge to the accuser."

And from *In re Rosenwasser Bros.*, 254 Fed. 171:

"Probable cause must be shown from the facts alleged. It is not sufficient to aver nothing beyond the belief of an individual that such facts could be set forth. The conclusion from the averments of facts must be that of the magistrate, and not the opinion of the affiant. *United States* v. *Tureaud*, 20 Fed. 621; *United States* v. *Baumert*, 179 Fed. 735, and cases therein cited."

In *Re Tri-State Coal & Coke Co.*, 253 Fed. 605, the affidavit for the search warrant sets forth that the property referred to "Has been used as a means of committing certain unlawful felonies," naming them. It was held that the averments were mere conclusions, not facts, and that:

"There is nothing but the affiant's application of his own undisclosed notion of the law to an undisclosed state of facts; and under our system of government the accuser is not permitted to be also the judge."

And from *Veeder* v. *United States*, 252 Fed. 418:

"No search warrant shall be issued unless the judge has first been furnished with facts under oath—not suspicions, beliefs, or surmises—but facts which, when the law is properly applied to them, tend to establish the necessary legal conclusion, or facts which, when the law is properly applied to them, tend to establish probable cause for believing that the legal conclusion is right. The inviolability of the accused's home is to be determined by the facts, not by rumor, suspicion, or guesswork. If the facts afford the legal basis for the search warrant, the accused must take

the consequences. But equally there must be consequences for the accuser to face. If the sworn accusation is based on fiction, the accuser must take the chance of punishment for perjury. Hence the necessity of a sworn statement of facts, because one cannot be convicted of perjury for having a belief though the belief be utterly unfounded in fact and law."

And from Cooley on Constitutional Limitations (7th Ed.), p. 429:

"But as search-warrants are a species of process exceedingly arbitrary in character, and which ought not to be resorted to except for very urgent and satisfactory reasons, the rules of law which pertain to them are of more than ordinary strictness; and if the party acting under them expects legal protection, it is essential that these rules be carefully observed.

"In the first place, they are only to be granted in the cases expressly authorized by law; and not generally in such cases until after a showing made before a judicial officer, under oath, that a crime has been committed, and that the party complaining has reasonable cause to suspect that the offender, or the property which was the subject or the instrument of the crime, is concealed in some specified house or place. And the law, in requiring a showing of reasonable cause for suspicion, intends that evidence shall be given of such facts as shall satisfy the magistrate that the suspicion is well founded; for the suspicion itself is no ground for the warrant except as the facts justify it."

See, also, *Gouled* v. *United States,* 255 U. S. 298 (41 Sup. Ct. 261); *Amos* v. *United States,* 255 U. S. 313 (41 Sup. Ct. 266); *Beavers* v. *Henkel,* 194 U. S. 73 (24 Sup. Ct. 605); *Sarah Way's Case,* 41 Mich. 299; *State* v. *Peterson,* 27 Wyo. 185 (194 Pac. 342); *State* v. *Patterson,* 13 N. D. 70 (99 N. W. 67); 25 Am. & Eng. Enc. Law (2d Ed.), p. 148; *Ex parte Dimmig,* 74 Cal. 164; 13 A. L. R. 1318; *Turner* v. *People,* 33 Mich. 363; *People* v. *Auerbach,* 176 Mich. 23 (Ann. Cas. 1915B, 557); *United States* v. *Rykowski,* 267 Fed. 866.

Probable cause for issuance of the search warrant was not shown. Evidence therefore secured by virtue of it was inadmissible. *People v. Mayhew, supra; State v. McGahey,* 12 N. D. 535 (97 N. W. 865, 1 Ann. Cas. 650). Such evidence should have been suppressed. *People v. Halveksz,* 215 Mich. 136. With such evidence suppressed there remained no question for the jury. *People v. De La Mater, supra.*

We need not discuss the other questions raised.

The conviction is set aside and the defendant is discharged.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.