PEOPLE v. THOMPSON.

SEARCHES AND SEIZURES—SEARCH WARRANT—AFFIDAVITS—INFORMATION AND BELIEF INSUFFICIENT.

An affidavit for a search warrant to search defendant's dwelling, made by an officer on information and belief, without any supporting facts within affiant's knowledge or any accompanying affidavit from which the magistrate issuing the search warrant could find reasonable cause for such belief, was insufficient, the search warrant void, and the evidence seized thereunder inadmissible in evidence in a prosecution of defendant for violation of the liquor law.

On complaint or information based on information and belief as basis for issuance of warrant, see notes in 10 L. R. A. (N. S.) 159; 25 L. R. A. (N. S.) 60.

Exceptions before judgment from Calhoun; North (Walter H.), J.   Submitted January 12, 1923. (Docket No. 138.)   Decided March 22, 1923.

Thomas Thompson was convicted of violating the liquor law.   Reversed, and defendant discharged.

*John C. Davis* and *James M. Powers*, for appellant.

STEERE, J.   Defendant was convicted under an information charging that he "on the 9th day of February, A. D. 1922, at the city of Battle Creek in the county of Calhoun aforesaid, did then and there unlawfully manufacture certain intoxicating liquor, to wit: Whisky." The bill of exceptions contains eleven assignments of error and an ample record of the case, including the oral and written evidence.

The first assignment of error is directed against the validity of the search and seizure by which the only evidence tending to establish defendant's guilt was procured. It consisted of a quantity of mash found by officers in the cellar of defendant's private residence, which they invaded and searched under a search warrant based on an affidavit therefor made by an officer on information and belief without any supporting facts within the officer's knowledge or any accompanying affidavit from which the magistrate issuing the search warrant could find reasonable cause for such belief. A comparison of the affidavit on which the search warrant issued in this case with that set out in the recent case of *People v. Effelberg,* 220 Mich. 528, shows the same form was used here as held void in that case. The two affidavits are practically identical in all material parts, varying only as to names of places, parties, dates, etc., apparently filled in where blank spaces therefor are customarily found in legal forms. In this case, as there, the

rights of defendant were preserved by motion to quash, etc.

In the *Effelberg Case* the subject is carefully reviewed by Justice CLARK with ample citation of authority. The decision there reached is admittedly controlling here.

The conviction must therefore be set aside and defendant discharged.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.